Spencer, J.
delivered the opinion of the court. The defendants, claiming to be administrators of Stephen Weston, took the goods and chattels for which this suit is brought, out of the possession of the plaintiff; and it is admitted, by the case, that they belonged to the intestate at the time of his death. The only question for the consideration of the court is, whether the surrogate of the county of Onondaga had authority to grant letters of administration of the estate of Stephen Weston?
It is admitted, that he died intestate, in the fall of 1814, in ihe state of Ohio ; that he had been absent from this state for seven years previous to his death; that he had, before his departure for Ohio, resided in the town of Pompey, in the county of Onondaga, sixteen years, and that be was seized in fee, at the time of his departure and at his death, of one hundred acres of land in Pompey, and that the plaintiff, his wife, continued to reside in that town, until and after his death.
There can be no doubt, that the intestate ceased to be an inhabitant of this state before his death. His long residence in Ohio, separated from his wife, and the absence of all proof that *434 he intended to- return to this state, are decisive circumstances to show, that there was a change of domicil, and he must be regarded as an inhabitant of the state of Ohio.
The power and jurisdiction of the surrogates of the several counties is conferred wholly by the statute. Under the colonial government, the probate of wills, and the granting administration of intestates’ estates, was vested in the governor, or such persons as he should delegate, under the seal of the prerogative court. The first provision, after the adoption of the constitution of the state, on this subject, is to be found in the act of the 6th of March, 1778., which vests the Judge of Probates with the like jurisdiction in testamentary matters, which the governor and commander in chief of the colony of New-Yorlc had exercised, as judge of the prerogative court, or court of probates, except as to the appointment of surrogates in the several counties, who were thereafter to be appointed by the council of appointment. (Sess. 1. ch. 12. s. 3. 1 Greenl, ed. Laws, 17. 18.) The ihird section of the act relative to the court of probates, the office of surrogates, and the granting of administrations, (1 N. R. L, 445.) gives to the surrogates sole and exclusive power to take the proof of last wills of all deceased persons, who at, or immediately previous to their death, shall have been inhabitants of the respective counties of such surrogates, in whatever place the death of such persons may have happened, and to make and issue probates of the same, and grant letters testamentary thereon; and also, to grant letters of administration of the goods, chattels, and credits of all such persons dying intestate ; thus excepting from the jurisdiction of surrogates, the cases of those persons who may not, at the time of their decease, be inhabitants of this state respectively.
The 15th section of the act last referred to enacts, “ that in rxl} cases of persons dying out of- this state, or of persons dying within this state, not inhabitants of this state, their wills may be proved before, and administrations of their personal estates, when necessary, be granted, by the judge of the court of probates of this state, in the manner heretofore used, as well as by any of the said surrogates.”
It must be noticed, that the first section of the same act had vested the judge of probates with the like jurisdiction in testamentary matters, except as was therein otherwise provided, as ihe governor of the late colony of Jíew- York had exercised, as *435 judge of the prerogative court (or court of probates) of the colony, excepting where otherwise provided by that act; and excepting also the appointment of surrogates. It will be perceived, at once, that unless the 15th section enlarges the powers of the surrogates, they have no authority or jurisdiction to grant administration, upon the estates of persons who are not, at the time of their decease, inhabitants of this state; for, in defining the extent of the jurisdiction of the surrogates, in the third section of the act, their authority and power to grant administrations, in such cases, is expressly excepted. And, to suppose, that it was intended to be afterwards conferred by another provision in the same act, would be to impute to the legislature an extraordinary inconsistency. The manifest object of the legislature, in the 15th section of the act, was to confer a concurrent power on the judge of probates, with the surrogates, in cases of persons dying out of the state, and who, at, or immediately previous to their death, were inhabitants of the state. The expression, “ as well as by any of the said surrogates,” (a) was not intended to extend the power of the surrogates, but to show that the power was concurrent. It is true, that the same section gives also jurisdiction to the judge of the court of probates to take the proof of wills, and grant administrations in cases of persons dying within this state, and not in habitants thereof; and therefore there is a seeming contradiction and absurdity in enacting, that the judge of the court of probates may do this, as well as any of the said surrogates, unless the surrogates had power to do it. We perceive, in one case, they have, where persons die out of this state, being inhabitants thereof; and we are not to test the intention of the lawmaker, by a strict or grammatical construction. It can never be believed, that after an express exception from the jurisdiction of surrogates, of the cases of persons who may not, at the time of their decease, be inhabitants of this state, that the legislature, in the same act, would give the excepted power, and particularly too, in a section which meant only to define and specify the jurisdiction of the judge of the court of probates.
*436 The argument, ab inconvenienti, applies with peculiar force, and shows the entire unfitness of the power contended for in the surrogate. If the deceased was not an inhabitant of this state, at the time of his death, what surrogate shall grant administration ? They would all have equal power; and, for aught I see, there might be as many administrations as there are surrogates in the state, if there were as many persons competent to apply for letters of administration. This consideration, undoubtedly, induced the legislature to withhold the jurisdiction from the surrogates, where the deceased was not an inhabitant of the state at the time of his death; and the legislature could not have been unaware of the confusion and disorder to which it might lead, to give to a multitude of officers, acting independently and distinctly, power to act in the same case; they, therefore, wisely vested this power in the judge of the court of probates, and they, also, conferred a concurrent power in that officer, to grant administration in all cases of persons dying out of this state, whether inhabitants or not; and this concurrent power, when once exercised by either, is, from its nature, exclusive.
The court have no doubt, in this case, that the administration granted to the defendants was invalid, on the ground that the surrogate had no jurisdiction of the case.
Judgment for the plaintiff.

 'These words are not to be found in the act, passed the 20th of February, 1787,/or settling in-testates' estates, &c., and which first provided for the appointment of surrogates, and defined their powers; and a comparison of the 0th and 11th sections of that act, may tend to confirm the coa» struciioo here given by the court to the new revised act. (1 Greenl. ed. Laws, 363. 366, seas. 10. ch. 38. s.6. 11.)