*New-Haven,*
November,
1818.

Alling
*v.*
Munson.

---

### BEACH *against* W. S. and S. HOTCHKISS.

A NEW trial having been granted, in this case, pursuant to the advice of the nine Judges, (*ante* 425. 431.) it was had at *New-Haven, August* term, 1818, before *Swift,* Ch. J., and *Brainard* and *Chapman,* Js.

On this trial, the plaintiff proved, that he, the defendants, *Gad Peck* and *Goodrich & Deforest* were joint owners of, and equally interested in, an adventure of corn-meal and lard, shipped for the *West-Indies,* in the *Francisco ;* that the whole of this property was placed in the hands of the defendants, to ship and sell to the best advantage, and to account with the other owners for the nett avails thereof ; that the defendants did ship it, had the whole management of it, obtained the avails in a cargo, which they sold, and after charging all expenses to the adventure, found the nett avails to be 7213 dollars, 14 cents ; that the defendants

Where a severance is made of a joint claim, by the party liable to it, by paying to one or more his or their proportion, the others may sue separately.

Where, in a proper matter of account, a settlement has been made, and the balance ascertained and struck, by the parties, *assumpsit* will lie to recover such balance.

But where *A., B., C.* and *D.* were jointly concerned, in equal proportions, in a mercantile adventure, of which *A.* had the sole management ; and after its termination, an account was stated, the nett proceeds were ascertained, and a balance in favour of the adventure was struck by *A.* ; who delivered such account to *B.,* with the amount of *B.'s* share stated on the back, and paid him that amount as his share ; it was held, in an action of *assumpsit* brought by *C.* for his share, that such statement and payment to *B.* were not equivalent to a liquidation of the partnership account, and a statement of the sum due to *C.,* without which the action could not be sustained.

stated their account of the nett proceeds of the adventure, making the balance in favour of the adventure, after deducting all expenses, said sum of 7213 dollars, 14 cents ; which account they delivered to *Gad Peck*, stating, on the back of it, his share, amounting to 1803 dollars, 28 1-2 cents ; and that they paid to him this sum, as his share of the adventure, which he received as such.   But the plaintiff proved no express promise of the defendants to pay him his share of the adventure ; nor was any account ever rendered or shewn to the plaintiff, or to *Goodrich & Deforest*.   On these facts, the plaintiff claimed, that he was entitled to recover. The defendants, on the other hand, insisted, that the plaintiff could not recover, without proving an express promise.—— The cause was taken from the jury, under an agreement of the parties, that if the court should be of opinion, that the plaintiff was entitled to recover, a verdict should be entered for him for one fourth part of the nett proceeds of the adventure, with interest ; but that, if the court should be of opinion that the plaintiff could not recover, a verdict should be entered for the defendants, for their costs.   The questions arising on this case were reserved for the consideration and advice of the nine Judges.

*Staples,* for the plaintiff, contended, that as the defendants had turned the adventure into money, ascertained the nett proceeds, struck the balance, and found the amount of each one's share, and paid to one of the concern his share ; there was a *severance* of the joint interest, previously subsisting ; the defendants had waived any further right to account ; and were liable in *assumpsit,* without an express promise. He cited *Garret* v. *Taylor,* 1 *Esp. Dig.* 225.   (*Gould's* edit.) *Kirkman* v. *Newstead, Ibid.*   1 *Chitt. Plead.* 6. 26.   *Smith* v. *Barrow,* 2 *Term Rep.* 476. 478.   *Wetmore & al.* v. *Barker & al.* 9 *Johns. Rep.* 307. 309. 12 *Mass. Rep.* 34.

*Denison,* contra, insisted, that one partner cannot maintain *assumpsit* against his copartner, on any claim arising out of the business of the copartnership, except where an account has been rendered, a balance has been struck and settled between the parties, and there has been an express promise to pay.   In this case, there has been no account stated *with the plaintiff*, nor delivered to *him*.   Nor on the

account delivered to *Gad Peck* was there any balance struck in favour of the plaintiff; nor did that account shew, that any thing was due to the plaintiff. Can rendering an account to *Peck* alone, and paying him his share, be made equivalent to rendering an account to, and striking a balance with, the other partners respectively? At any rate, there has been no express promise to pay the balance. To shew that this was necessary, he was proceeding to refer to some authorities; (*a*) when he was stopped by the Court.

SWIFT, Ch. J. Where there is a joint interest, or a joint cause of action, all the parties in interest must join in a suit to recover it; but where a severance is made, by the party liable to the claim, by paying to one or more, his or their proportion of the debt or interest, there the others may bring their separate actions against him; for he has, by his own act, severed the claim.

Where, in a proper matter of account, a settlement has been made, and the balance ascertained and struck, by the parties; *assumpsit* will lie to recover such balance.

But, in this case, it appears, that there has been no liquidation of the accounts, by the parties; and that the balance due to each has not been ascertained. The defendants have made a statement to one of the concerned, and paid him what they agreed to be his part; but no account has been rendered to the plaintiff; no agreement has been made respecting the balance; and the accounts are now open, liable to be contested, by the plaintiff or defendants. The plaintiff's remedy, then, must be by bill in equity, and not by *assumpsit*.

The other Judges were of the same opinion.

Verdict and judgment to be entered for the defendants.

(*a*) The following cases were minuted on his brief. *Moravia* v. *Levy*, 2 *Term Rep.* 483. n. *Casey* v. *Brush*, 2 *Caines*, 293. *Niven* v. *Spickerman*, 12 *Johns. Rep.* 401, 2. *Murray* v. *Bogert & al.* 14 *Johns. Rep.* 318, 322.