Curia, per Savage, Ch. J.
The principal questions are,
1. "Whether the plaintiff derived any authority from the letter of guardianship, and his appointment under the assumed guardian. »
2. If not, whether the demand against the plaintiff is not joint, and in which all the tenants in common must join.
3. Whether any remedy exists at law, except an action of account in favor of the defendant, against the plaintiff for a proportion of the rents.
1. The surrogate is an officer created by statute, possessing no powers but such as are given him by the statute. He is authorised “ to allow of guardians, who shall be chosen by infants of the age of fourteen years; and to appoint guardians for such as shall be within that age, in as full and ample manner as the chancellor of this state may or can appoint or allow of the same.” He is required to take a bond from the guardian, with surety,.for the faithful execution of his duty. (1 R. L. 454, s. 30.)
By this act, the surrogate is not to appoint a guardian for infants over fourteen; but his allowance or approbation gives efficacy to an act of such infant, which otherwise would be nugatory and void. There is no act to be done by the surrogate, until an election of guardian shall have *307 been made by the infant. If, then, the infant does not choose a guardian, any act of allowance by the surrogate is merely void. Until the choice by the infant, the surrogate has no jurisdiction. As well might a judge of this court, or a commissioner, make an order for the creditors of an insolvent debtor to appear and show cause, &c., without the petition required by statute.
In Weston v. Weston, (14 John. 428,) it was decided that letters of administration granted by the surrogate of Onondaga, were void, the intestate having died out of *the state, and the power of granting administration, in such case, having been given to the court of probates.
In Borden v. Fitch, (15 John. 121,) it was held that a decree or judgment obtained on false suggestions, is void. True, that had no relation to a foreign judgment, which was inquirable into; but so are these proceedings.
In Bigelow v. Stearns, (19 John. 39,) is found the principle, which is a familiar as well as a fundamental one, that if any "court holds cognizance of a cause without having jurisdiction of the person of the defendant in the mode prescribed by law, such proceedings are void. This doctrine is peculiarly applicable to courts of limited jurisdiction.
• In Dakin v. Hudson, (6 Cowen, 221,) it was held that a surrogate’s court is a creature of the statute; and in pleading its decree, it must be shown affirmatively, that the facts upon which it acted gave jurisdiction of the subject matter and the person.
It follows from this doctrine, that had the surrogate actually issued the letters of guardianship, in this case, as a valid act of his court, they would have conferred no authority ; and any interference by the guardian with the property of the infant, as in the case of Weston v. Weston, would have been tortious. A fortiori are these letters of guardianship void, when the improper manner is considered, by which they came into the hands of the plaintiff’s principal.
The plaintiff, then, never had any authority to dispose of the defendant’s property, nor as his guardian, or agent oí his guardian, to receive the rents and profits.
*308 2. Much learning and ability were displayed by counsel in discussing the question, whether tenants in common must join or sever in actions for their rents. The rule adopted by this court in Decker v. Livingston, (15 John. 482,) is the same laid down by Littleton, (s. 316, 17.) If two tenants in common make a lease of their tenement for a term of years, rendering rent, if the rent be behind, they shall have an action of debt against the lessor, and '"not divers actions, for the action is in the personalty. But in an avowry for the rent, they ought not to be joined; for this is the realty.
To this rule there certainly are exceptions, as in Harrison v. Barnby, (5 T. R. 246,) where the terre-tenant paid the whole rent to one tenant in common, after notice from the other not to pay his moiety. There the tenant in common giving the notice, distrained for his share after payment of the whole rent to the other tenant in common, and recovered it. According to that case, had the defendant, here, given notice to the terre-tenants not to pay his third of the rents to the plaintiff, he might have distrained for his third, though the terre-tenants had paid it to the plaintiff. But the case determines nothing as to the remedy where one tenant in common has received the rent without notice.
Mr. Chitty, relying on this case, and some others, has said, that tenants in common may join or sever in an action on a contract relating to their estate, though they must sever in an avowry for rent. (1 Chit. Pl. 9.) The case of Harrison v. Barnby does not warrant such a proposition.
Kitchin v. Buckley, (T. Ray. 80,) was an action against the lessee for not repairing; and held that the lessors should join. What is said by Bacon in his Abr. (title Joint Tenants, K,) has reference to an action of ejectment or of assize, founded upon a disseisin, and not to an action upon contract. The same remark is applicable to Litt. s. 314.
In Martin v. Crompe, (1 Ld. Raym. 340,) Holt, Ch. J., says, “ If there are two tenants in common of a reversion expectant upon a lease for years, upon which the rent is reserved, they may join in debt for the rent, or sever ; and the one of them may have an action for the moiety of £20 rent, but *309 not for £10, and so it has been adjudged.” This was not the point in that case. The question was, whether the sun vivor of two joint merchante might sue on. the partnership account as survivor, without the personal representatives: of the deceased partner. The. doctrine of ^Holt cannot be correct of-an action upon a joint contract made by the tern ants in common- themselves; but if correct at all, must be applicable to tenants in common of the contract or rent, who become such by- operation of lawt Suppose it to be-so, and in that respect, to apply to this case; yet, to give it a full application, there should be an action by the tenant in common against the terre-tenant, I apprehend, not an action against one assuming to act as guardian of the tenant in common, or as tenant in common.
It does not become important to pursue this subject fur-, ther; as the question here is not between landlord and' tenant.
3. With respect to the. last question proposed to. be considered, it is proper to. inquire in what relation the parties to.this suit stand to each other-, as-to the rents, in,question.
I have already shown that the plaintiff’s principal was not guardian, of the defendant. If a man who. has no, title to be guardian, enters as guardian into the lands of an infant, it is at the election of the infant'to make him a disseisor on account of his wrongful entry upon, and actual ouster of such infant, or else to dissemble the wrong and call him to an account as guardian. (Bac. Abr, Guardian,!.)
The rule as to set-off in a court of-law, is, that the cross demand must be liquidated, founded on contract, and one for which an action at law will lie. If the defendant eleott.o consider the plaintiff a disseissor, then he, must claim from him damages for a tort to: be liquidated; and which are therefore not the subject of a s.et off. If the defendant choose to waive the tort, then the plaintiff must be called to account as guardian, and the remedy- is in chancery, or by an action of’account. (1 Mad. Ch. 262. 19 John. 364)
It is alleged in this case, and. so the, fact appears, that the plaintiff, in a previous account with the defendant, has given him credit for his proportion of the rents now claim *311 ed. That fact however, cannot alter the-law, if the party chooses to put himself upon his legal rights.
*There is another point of view in which, this question should be considered.
The plaintiff was guardian, or rather agent, of the guardian, of two of the tenants in common owning the property in question. He had power, in their right, to receive the whole of the rents, unless notice had been given by the defendant to.the terre-tenant not to pay him the defendant’s-share. The rents received by him, were properly received ; and the question then is, whether one tenant in common can maintain assumpsit against his, co-tenant for his proportion of the rents. That such an potion could not be sustained, was the reason of providing by statute, (1 R. L. 90, s. 2,) for the action of account. Wheeler v. Horne, Willes, 208.
My conclusion, therefore, is, that the defendant’s reme-, dy is in another court, or by the action of account in this court.
The referees decided correctly, and the motion to set aside their report must be denied;
Motion denied.