STEDMAN & MAYER v. ELIZA SHELTON, ADMINISTRATRIX OF
NICHOLAS P. MURPHY.

1. A joint contract may be severed by the consent of all the parties to it, so as to
entitle each to his several action.
2. Thus where S. & M. were indebted to G. & P. M. by promissory note, and
before the maturity of the note, G. assigned all his interest in the note to H.,
which was afterwards paid by S. & M.; held that this was a severance of the
interest by the consent of S. & M. and that P. M. could maintain an action for
the residue, on the implied promise arising from the discharge of the interest of
one payee.
3. A declaration alleging these facts and concluding "that the defendants being so
liable, promised to pay, &c.," is sufficient.

Error to the Circuit Court of Dallas county.

THIS was an action of assumpsit brought by the defendant
in error against the plaintiffs in error.

The first count of the declaration alleges, that the plaintiffs in
error made their promissory note for two hundred and ten and
fifteen hundredth dollars, payable to John Groves and Nicholas
P. Murphy, that before the maturity of the note, Groves, by en-
dorsement on the note, assigned all his interest in the same, to
wit, the sum of one hundred and ten dollars, to one John H.
High, and that High received the same from the plaintiffs in er-
ror, and concludes " by means whereof the said defendants then
and there became liable to pay the said Nicholas P. Murphy, in
his life time, the balance of the money due on the said promis-
sory note, viz., &c." "and being so liable promised, &c."

The common counts are added, and the conclusion of the de-
claration is, that " the defendants being so liable to pay, pro-
mised, &c."

To the first count there was a demurrer, which was overruled

by the court, and judgment rendered for the plaintiffs below, from which the defendants below prosecute this writ of error, and now assign for error the overruling the demurrer to the first count of this declaration.

EDWARDS, for plaintiff in error. Cited 1st Chitty Plead. 12; Chitty on bills, 139, 140.

Mr. CLARKE, contra. Cited Chitty's Plead. 7, 12; 7th Term Rep. 279; 2d Mass. Rep. 401; Croke's Elizabeth, 739.

ORMOND, J.—The question of law raised by the demurrer to the first count of the declaration is, that the suit could not be brought by the administrators of one of the deceased payees, but should have been brought by the surviving payee of the note.

Such is clearly the general rule, but it is insisted by the counsel for the defendant in error, that there was a severance of the contract with the consent of the plaintiffs in error, and that after such severance, an action can be maintained by either party singly.

Is a severance of the contract alleged in the declaration? We think it sufficiently appears, though it is not as distinctly asserted as it might have been. The allegations from which this conclusion is drawn, are in substance that Groves, one of the payees of the note, assigned, by endorsement on the note, all his interest to one High, for the sum of one hundred and ten dollars; and that High upon the endorsement received the money from the plaintiff in error. This satisfactorily ascertains the consent of Groves to the severance, and the consent of the remaining payee is shown by his affirming that act, and suing in his own name for the residue.

The consent of the payors of the note to a severance is clearly inferable from the fact that they paid the part of the note assigned to High, by one of the payees; and as one joint payee cannot vest the legal title to a note in another, by endorsement, so as to authorize him to sue in his own name, either alone or

jointly with the remaining payee, no other effect can be ascribed to the act than a severance of the interest in the note; and by the payors, acceding to the proposition and paying the money, a consent on their part to such severance.    Had the allegation been that, by the direction of one of the payees, the payors had paid to a third person one half the amount of the note, without expressing at the same time that it was all his interest in the note, no such inference could have been fairly drawn; as either of the payees might collect the whole or any part of the note, it might have been considered as a payment merely on account of the note.

We are, therefore, of opinion, that such a contract as the present, may be severed by the consent of all the parties to it, and that the allegations of the declaration establish such consent and severance.

The law, as here stated, is affirmed by the Supreme Court of Massachusetts, in Austin v. Walsh, (2 Mass. Rep. 401.)   The facts of that case were, that Austin and one McNeil were secret partners in a mercantile adventure, which proving profitable, McNeil and Austin agreed to sever their interests, and McNeil gave Austin an order on Walsh, in whose hands the funds were, for his share of the profits.

Austin showed Walsh the evidence of his original partnership —the agreement between him and McNeil to sever their interests, and that Walsh should account with Austin for his moiety. Walsh refused to pay Austin, but said he was ready to account with the right owner; and promised on the arrival of the proceeds from Havanna, to pay Austin if they belonged to him. The objection to the recovery was, that McNeil was not joined with Austin in the suit.

Chief Justice Parsons says, in delivering the opinion of the Court, "the Court are very clearly of the opinion, that McNeil and Austin being original partners, no agreement of theirs to sever their interest, could entitle either of them to sue alone for his moiety; and that Walsh might take the exception in this case under the general issue, unless after notice of the partnership,

Stedman & Mayer v. Eliza Shelton, administratrix of N. P. Murphy.

and the agreement to sever their interest, he had consented to it, and to account with each for his part. *This contract might be either express or implied.* If a factor should in fact account with, and pay one partner his share, and thereby discharge all his interest in the partnership, this would be an implied engagement to account with each severally."

No objection was made at the bar that the action should have been in this case on the implied promise arising to the intestate of the defendant in error, by the payment and discharge of all the interest of Groves in the note. Such, however, we understand to be the substance of the declaration, and that the note is recited merely as inducement to the promise. The justice of the case is clearly with the defendant in error, and we think the action well brought. See the case of Sedgwick v. Overend, 7th Term Rep. 279.

Let the judgment be affirmed.

GOLDTHWAITE, J.—Dissenting. I feel compelled to dissent from the conclusion to which a majority of the court has arrived, because I think there is no sufficient allegation of a promise to pay the amount after the supposed severance of the contract. On an express or implied promise to pay the deceased party, or his administratrix, the action might be sustained; but if this is conceded, the declaration in my opinion contains no averment to this effect.