# Brizendine & Hawkins *vs* Frankfort Bridge Company.

Case 13.                ERROR TO THE FRANKLIN CIRCUIT.

*Joint action.    Bar.    Abatement.*

*September* 18.      CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

The cause of action and pleadings, and judgment of the Circuit Court.

BRIZENDINE & HAWKINS, as joint owners of a male slave and wagon and team, described in their declaration, sued "*The Frankfort Bridge Company*," in *trespass on the case*, for an alleged injury to the said property, resulting from the falling of the bridge whilst the slave, wagon and team were passing upon it. The corporation pleaded, *in abatement*, a former verdict and judgment rendered in bar, on the general issue, in a similar action previously brought against it by *Brizendine* alone, for the same injury to the same property. The Circuit Court having overruled a demurrer to that plea, and the plaintiffs failing to reply, judgment was rendered abating this action. And the only question we shall now consider, in revising that judgment, is whether the plea is good; for if the matter pleaded was sufficient to bar the joint action, as we think it was, then a preliminary question, as to the defendant's right to file a plea in abatement when this plea was first offered in Court, need not be decided.

The judgment, as exhibited, against *Brizendine* in his separate suit is, in form and legal effect, a conclusive bar to another action by himself alone, for the same cause. The verdict is *"for the defendant,"* and the judgment thereon, is that *"the defendant go hence,"* &c. On the general issue, as tried in that case, *Brizendine* had a legal right to recover one half of the damage to the joint property; and even if the Circuit Judge erroneously instructed the jury otherwise, the only means of avoiding the bar was either to have suffered a non-suit or procured a reversal of the judgment which, on the hypothesis suggested, was erroneously rendered in bar of the sole action.

Then, as the judgment against *Brizendine* alone still remains in full force, and he therefore has no cause of action, can he and Hawkins maintain this joint suit for the identical wrong as to which the former is thus, for the present at least, barred by a valid and subsisting judgment against him? We think not. The misjoinder is fatal, and might have authorized a judgment in bar of any future joint action for the same cause; for such a judgment would not affect *Hawkins'* separate right of action in his own name alone for the injury sustained by him as one of the owners of the damaged property. As he was no party to the first suit the record thereof would be inadmissible as evidence against him, and in such a case, *ex delicto*, a separate action by him could not be either abated or barred by the non-joinder of *Brizendine*.

To a plea in abatement for non-joinder in such a several action, he might reply that *Brizendine* had been barred by a judgment in a previous action brought by him alone, and such a replication would have been good; for neither a recovery of his aliquot portion of damages by one part owner of property in an action for a *tort*, nor a judgment against him alone, in such an action, can be availably pleaded to a separate action by another part owner: 7 *Term Rep.* 279; 3 *Kib.* 244; 5 *East*, 407; and *Baker* vs *Jewell*, 6 *Mass. Rep.* 460.

But though *Hawkins* is not barred by the judgment against *Brizendine*, and the record of that judgment would not be admissible against him, yet, as *Brizendine* is barred, he cannot join in this action with *Hawkins*, and

---

**Margin notes:**

BRIZENDINE AND HAWKINS
*vs*
FRANKFORT B. COMPANY.

One joint owner of property suing for the destruction thereof & having a judgment in bar against him, cannot afterwards join with another joint owner, and def't. in such a case, may avail himself of such matter by plea in abatement, in bar, or by motion for a non-suit.

One joint owner of property may recover for an injury to the same, or destruction thereof by a third person, & where the general issue is pleaded, has a right to a recovery, proportioned to the extent of his interest—if this recovery was prevented by an error of the judge, and a judgment in bar rendered—pl'tf cannot afterwards sue in a joint action with other part owners, he is barred by the judgment.

One joint owner of a chattle may recover his proportion of the value thereof, though another

joint owner may have recovered or sued for, and failed in a recovery of his proportion, and a judgment be rendered in bar of his right.</div>

there is, therefore, in this case, a clear misjoinder, which was available to the defendant either by a plea in abatement, or a plea in bar, or a motion for a non-suit.

As, therefore, this action might have been barred for misjoinder, the parties have no right to complain of a judgment abating it merely.

Consequently the judgment of the Circuit Court is affirmed.

*Hewitt and Herndon* for plaintiffs; *Owsley, Morehead & Reed* for defendants.