NETTLETON *v.* MOSIER and others.

*(Circuit Court, D. Minnesota.  June, 1880.)*

1. JURISDICTION—PROBATE COURT—APPOINTMENT OF GUARDIAN—COLLATERAL PROCEEDING—REV. ST. OF MINN. C. 59, § 1.—Section 1, *c.* 59, of the Revised Statutes of the state of Minnesota, provides that "the judge of probate in each county, when it appears to him necessary or convenient, may appoint guardians to minors and others, *being inhabitants or residents in the same county,* and also to such as reside out of the state and have any estate within the same." *Held,* that the appointment of a guardian under such section could be attacked in a collateral proceeding, where it was shown that the minor was not an inhabitant or resident of the county in which the judge of probate made such appointment.

2. VOID DEED—EQUITABLE RELIEF.—*Quære,* whether a bill in equity can be filed by one out of possession to set aside a conveyance made by such guardian, and remove the cloud from the title caused by the execution and recording of the deed.

In Equity.  Demurrer to Bill.

*S. L. Pierce,* for plaintiff.

*W. J. Hahn* and *J. C. McClure,* for defendants.

McCRARY, C. J.  This is a suit in chancery, brought for the purpose of setting aside a guardian's deed.  The following are the material facts.  Section 1, *c.* 59, Revised Statutes of Minnesota, provides as follows:

"The judge of probate in each county, when it appears to him necessary or convenient, may appoint guardians to minors and others, *being inhabitants or residents in the same county,* and also to such as reside out of the state and have any estate within the same."

The bill avers that application was made to the probate court of Goodhue county, Minnesota, for the appointment of a guardian for Agnes E. Wells, a minor, and that in the petition for such appointment it was "fraudulently and falsely stated that the said Agnes E. Wells resided in the county of Goodhue; that, in fact, she did not then and never did reside in said county, neither was she an inhabitant thereof," but was then and for many years thereafter a resident and inhabitant of the county of Rice, in the state of Minnesota.  Upon said petition a guardian for said minor was appointed by the

said probate court of Goodhue county, and by virtue of such appointment the guardian proceeded to sell and convey certain real estate of the said minor. The bill is filed to set aside this conveyance upon the ground that the appointment of the guardian was absolutely void, and also to remove the cloud from the complainant's title caused by the execution and recording of the guardian's deed.

The demurrer raises the question whether the proceedings of the probate court, upon the petition for the appointment of a guardian for said minor, amount to an adjudication which cannot be attacked in a collateral proceeding. It is said that the probate court of Goodhue county had jurisdiction to entertain the application, and to decide the question of fact as to the residence of the minor, and that, having decided that question, and made the appointment, its judgment is conclusive upon the minor and all persons claiming under her. The petition, it is said, stated the necessary jurisdictional facts, and the probate court conclusively passed upon them when it made the appointment. The rule of law upon this subject is familiar. An erroneous act or judgment, by a court having jurisdiction of the subject-matter and of the parties, can be reviewed and corrected only by a tribunal having appellate jurisdiction. When brought in question collaterally or incidentally, it is to be regarded as conclusive upon all parties to it, as well as upon their privies. On the other hand, the act or judgment of a tribunal having no cognizance of the subject-matter is absolutely null and void, and may be impeached in any court, either directly or collaterally.

Within which definition does the present case fall? There is often great difficulty in drawing the precise line of distinction between such acts as are void and such as are voidable only; but the line exists, and we must locate it as best we can. Perhaps the safest guide in determining the question, so far as the present case is concerned, will be found in the opinion of Chief Justice Marshall in *Griffith* v. *Frazier*, 8 Cranch, 9. In that case it appeared that an administrator, duly appointed to administer an estate in South Carolina, had absented himself from that state, whereupon the ordi-

nary having jurisdiction in such matters appointed another administrator. A judgment was obtained against the latter, upon which execution was issued, and a sale of real estate had. Everything was regular except the appointment of the second administrator. The sale was attacked collaterally, and upon the ground that the second appointment was void. In delivering the opinion of the court Chief Justice Marshall stated the guiding principle in such cases as follows: "If, under any circumstances, the ordinary could grant administration during the absence of an executor who has made probate of the will, and legally competent to act, then he would have jurisdiction of the subject, and would judge of these circumstances; but if, in no possible state of things, he could grant such administration, it would be difficult to conceive how he can have jurisdiction." Page 26.

Most, if not all, the numerous cases in the books upon the subject will, upon examination, be found to harmonize with this general rule. The cases are very numerous in which it has been held that an adjudication, however erroneous, and even contrary to fact, cannot be collaterally attacked; but they are all cases in which the court had possession of the subject, and was, therefore, empowered to deal with and decide all questions arising. In such cases the court has power over the subject-matter, and that is jurisdiction. *Grignon's Lessees* v. *Astor*, 2 How. 319. On the other side of the line was the case of *Shelton* v. *Tiffin*, 6 How. 163, where it was held that a party not served, and whose appearance was entered by an attorney without authority, is a nullity, and may be collaterally impeached. There was nothing in the record to show the want of jurisdiction, but the court held that the want of authority in the attorney might be shown by parol. It only remains to apply this doctrine to the case in hand. The statute is explicit in defining and limiting the power of the probate court. Each probate judge has power to appoint guardians—*First*, of minors being residents of the same county; *second*, of minors residing out of the state and having property in the county.

Can any circumstances be imagined under which a probate judge can appoint a guardian for a minor who neither resides in nor owns property in the county? Is not such an appointment the act of a tribunal having no power in the premises? The purpose of the legislature was to limit the jurisdiction of the probate court to the cases specified, and for obvious reasons. If one judge can make a valid appointment of a guardian for a minor residing in another county of the state, any other probate judge in the state may do the same. The result might be great confusion and conflict, and serious complications concerning titles. Besides, the law always guards carefully the rights of infants, and it is apparent that the strict enforcement of the statute is necessary to this end. I regard the statute, therefore, as not merely directory; it is imperative, and the residence of the minor within the county was, in the case under consideration, the fact upon the existence of which the power of appointment depended. It is not sufficient, in such a case, that the fact be alleged; it must exist. The power of the probate judge to appoint guardians is statutory, and limited to the county. *Weston* v. *Weston*, 14 Johns. 427; *Sherman* v. *Ballou*, 8 Cow. 304.

It is conceded that the appointment of an administrator of the estate of a person not dead would be void notwithstanding an allegation of his death. I think the appointment of a guardian for a minor whose person and estate are both beyond the jurisdiction of the court is equally void, notwithstanding the allegation that the minor is within the jurisdiction.

The defendant further insists that if the guardian's appointment, and the sale and deed, are all void, the plaintiff has an adequate remedy at law in an action of ejectment, and therefore cannot resort to a court of equity for relief. This question did not receive much attention at the hearing, and I am not disposed at present to pass upon it.

Whether the bill presents a case in which a party not in possession has a right to resort to equity to remove a cloud upon title, or to cancel and set aside a void deed which has

been placed on record, is an important question. Story's Eq. Jur. § 700, and cases cited in note *a*, (11th Ed.)

Counsel will be heard further upon this question at the next term.