WILLIAM H. CLAPP *vs.* THE PAWTUCKET INSTITUTION FOR SAVINGS.

Tenants in common of personalty suing to recover it must sue jointly.

When an action lies in favor of tenants in common, if the action is in the realty they must sue separately; if the action is in the personalty they must join in suing.

The obligees of a covenant expressly joint must sue on it jointly though their interests are several.

A power of sale in a mortgage executed by several persons provided that the mortgagee should pay over the surplus from the sale to the mortgagors, "accounting to us and to our heirs and assigns for all sums over and above," etc.

In *assumpsit* against the mortgagee brought by one of the mortgagors, to recover his share of the surplus, on the mortgagee's implied promise arising from the legal duty to refund the surplus, —

*Held,* that the action could not be maintained, it being needful for all the mortgagors to join.

In actions *ex contractu* the non-joinder of plaintiffs is not waived by neglect to plead it in abatement. Otherwise in actions *ex delicto*.

ASSUMPSIT. Heard by the court, jury trial being waived.

*March* 5, 1887. MATTESON, J. This is an action of *assumpsit* for money had and received. The plea is the general issue. It appeared in evidence at the hearing, jury trial having been waived, that Daniel D. Sweet, Ephraim W. French, and Harrison Howard, copartners in business as D. D. Sweet & Co., executed and delivered to the defendant a mortgage deed dated November 1, 1866, conveying certain real estate therein described, owned by the mortgagors and used by them in carrying on their partnership business. This mortgage contained a power of sale, authorizing the mortgagee, in case of a breach of the conditions of the mortgage, to sell at public auction the mortgaged estate and to receive the proceeds of sale, and requiring it, after payment from such proceeds of the expenses of sale and the mortgage debt, to account to the mortgagors, their heirs and assigns, for the surplus. It also appeared in evidence that, subsequently to the making of this mortgage, Daniel H. Arnold was admitted into the firm of D. D. Sweet & Co., and received from his copartners a conveyance of one fourth of the mortgaged property, which was thenceforth, until the sale thereof by the mortgagee, hereinafter mentioned, held by the owners thereof in fourths ; that early in 1870 Daniel D. Sweet withdrew from the partnership, and conveyed his

one fourth to Frederick Sherman, who then became a partner with the other persons named above in the place of Sweet; that on May 1, 1879, Daniel H. Arnold also withdrew from the partnership, and conveyed his one fourth to Charles Moies; that on August 30, 1883, Harrison Howard assigned his one fourth to the plaintiff; that on August 9, 1884, the defendant sold the mortgaged property under the power above mentioned, and that, after payment of the expenses of sale and the mortgage debt, there remained in its possession a surplus of $2,248.75. It further appeared that after the sale, on the same day, the plaintiff demanded from the defendant one fourth of this surplus, and that, payment being refused, he subsequently brought this suit to recover said one fourth with interest.

The defendant takes the point that the plaintiff cannot recover because the evidence shows that French, Sherman, Moies, and the plaintiff are equally entitled to the surplus as tenants in common, and that one tenant in common cannot sue separately from his cotenants. We think the point is well taken.

Pub. Stat. R. I. cap. 230, § 1, relating to suits by tenants in common, extends only to actions of ejectment, or other actions where possession of the estate claimed is the object of the suit, and authorizes the bringing of suits, by all, or by any two or more, or by each, for his particular share. At common law, the rule in relation to suits by tenants in common was, that in real actions they should sue separately; the reason being, it is said, that serious embarrassment might otherwise often arise, because, though the possession of tenants in common is joint, they hold by distinct titles, and, as in many cases these titles were required to be stated and were subject to be traversed, it might often happen that numerous issues would be introduced into a suit to which some of the plaintiffs would be strangers, but which they nevertheless would be bound to maintain or fail in the action. *Stevenson* v. *Cofferin*, 20 N. H. 150. In personal actions, on the other hand, this difficulty did not exist, and hence, in such actions, whether arising *ex delicto* or *ex contractu*, tenants in common were required to join. The purpose of this latter rule is to prevent a multiplicity of suits, and it applies unless there has been a severance of the claim, as, for instance, where the defendant has, previously to the

suit, promised to settle, or has settled, with one of the claimants for his share ; *Austin* v. *Walsh*, 2 Mass., 401, 405 ; *Baker* v. *Jewell*, 6 Mass. 460, 461 ; *Beach* v. *Hotchkiss*, 2 Conn. 697 ; *Stedman* v. *Shelton*, 1 Ala. 86, 87, 88 ; *Parker* v. *Elder*, 11 Humph. 546, 547 ; or where one of the co-tenants has previously brought an action, and, the non-joinder of the others being waived, the suit has been tried upon its merits and has resulted ·in a judgment for the defendant, in which case, as such co-tenant is precluded by the principle of *res adjudicata* from suing again, his co-tenants are permitted to sue without him ; *Brizendine & Hawkins* v. *Frankfort Bridge Co.* 2 B. Mon. 33 ; or where one co-tenant has previously brought suit and has, by the failure of the defendant to take advantage of the non-joinder of the others, recovered judgment for his share, and can therefore maintain no further suit, in which case, also, the others may sue without him. *Sedgworth* v. *Overend*, 7 Term Rep. 279 ; *Starnes & Paine* v. *Quinn*, 6 Ga. 84, 87. *Hill* v. *Gibbs*, 5 Hill N. Y. 56, was a case very much in point. It was a motion to set aside the report of referees in an action for money received to the plaintiff's use. The facts as they appeared before the referees were as follows : The plaintiff's wife and her sister, a Mrs. Bennett, as two of the five children and heirs at law of John F. Lossley, claimed each one undivided fifth of a tract of land containing six hundred acres. They, with the consent of their husbands, employed the defendant, an attorney at law, to recover the land. The defendant brought actions of ejectment against the tenants in possession of the land, one of which was tried and resulted in a verdict for the plaintiffs. A compromise was then made, by which the claimants released their interest in the land to the tenants, and the tenants agreed to pay the claimants $4,000 and the taxable costs of suit. A part of the money was paid down, and for the residue securities were given, payable in instalments. Some of the securities were made payable to the plaintiff and wife, some to Bennett and wife, and others in a different form, but without reference to the respective shares or interests of the two wives. The defendant made this arrangement as the agent of the claimants, and the securities were left in his hands for him to receive the money when it became payable. Out of the first moneys received, the defendant

was to be paid his expenses and charges beyond the taxable costs, and these were subsequently adjusted between the parties at $881.86. The defendant received the money on the securities as it became due, and made remittances to the plaintiff from time to time, amounting in the whole to $1,250. What payments he made to Bennett did not appear. It was agreed between the parties that Mrs. Bennett was entitled to the larger share of the money, for the reason that the claims of Mrs. Hill to a part of the land had been barred by the statute of limitations, and the arrangement was that the defendant should decide between the two women, as to their respective shares, when the parties should all be together. The parties, however, lived in another state, and no meeting was had until after the suit was brought, when the plaintiff refused to have the defendant make the division. The whole business with the defendant was conducted by the wives with the consent of their husbands. Mrs. Bennett testified that the moneys received by the defendant were the joint moneys of herself and Mrs. Hill; that she and her sister were both agreed that she was entitled to the larger share, but could not agree upon the proper division. The referees decided that they could not report any sum for the plaintiff, upon the ground that the deposit of the securities with the defendant was the joint act of Mrs. Hill and Mrs. Bennett, and no proceedings had been had between the parties to enable the referees to decide what particular sum either party was entitled to receive, or whether the defendant had accounted to the plaintiff for as much of the fund as was his due; and they therefore made a general report that nothing was due the plaintiff. The court denied the motion to set aside the report. Bronson, Justice, in giving the opinion of the court, says: "As the two wives were tenants in common of the land on account of which the money was received, the plaintiff insists that he may sue for his share without joining Bennett. But the general rule in relation to suits by tenants in common against third persons is this: When the action is in the realty, they must sue separately; when in the personalty, they must join. The action is not in the realty merely because it has some relation to land. Thus, debt for rent, and covenant for not repairing, upon a joint demise, are personal actions, and tenants in common must join. So, too, they must join

in actions for a trespass or nuisance to land. The English cases say they *may*, ours that they *must*, join. 1 Instit. §§ 311, 312, 315–317; *Kitchen & Knight* v. *Buckley*, T. Ray. 80, 1 Lev. 109; *Austin* v. *Hall*, 13 Johns. Rep. 286; *Decker* v. *Livingston*, 15 Johns. Rep. 479; *Sherman* v. *Ballou*, 8 Cow. 304; *Chamier* v. *Clingo & Willett*, 5 M. & S. 64; 1 Chitty on Pleading, 13, 75, ed. of 1837, and cases cited. If the plaintiff sues as a tenant in common he must fail, because this is a personal action in which the co-tenant should have been joined as plaintiff." And see, also, in addition to the cases cited above, *Brotherson* v. *Hodges*, 6 Johns. Rep. 108; *Bradish* v. *Schenck*, 8 Johns. Rep. 117; *Thompson* v. *Hoskins*, 11 Mass. 419; *May* v. *Parker*, 12 Pick. 34, 38, 39; *Lane* v. *Dobyns*, 11 Mo. 105, 107. So tenants in common must join in trespass or trover for the taking or conversion of a chattel; *Wheelwright* v. *Depeyster*, 1 Johns. Rep. 472, 485; *Putnam* v. *Wise*, 1 Hill N. Y. 234; or in case for diverting water, *Rich* v. *Penfield*, 1 Wend. 380, 385; or for destroying title-deeds, *Daniels* v. *Daniels*, 7 Mass. 135, 137. And so, too, tenants in common must join in an action of *assumpsit* for money had and received where there has been a conversion of goods and chattels and the tort is waived. *Gilmore* v. *Wilbur*, 12 Pick. 120, 124; *Irwin's Adm'r* v. *Brown's Executors*, 35 Pa. St. 331, 332; *Putnam* v. *Wise*, 1 Hill N. Y. 234; *White* v. *Brooks*, 43 N. H. 402, 408. In 1 Instit. § 316, Coke states the rule in actions of debt for rent as follows: " If two tenants in common make a lease of their tenement to another for a term of years, rendering to them a certain yearly rent during the term, if the rent be behind, etc., the tenants in common shall have their action of debt against the lessee, and not divers actions, for that the action is in the personalty." And see *Decker* v. *Livingston*, 15 Johns. Rep. 479, 482; *Foley* v. *Addenbrooke*, 12 L. J. Rep. N. S. Com. Law, 163, 165; *Wall* v. *Hinds*, 4 Gray, 256, 64 Amer. Decis. 64, 71.

But, apart from the consideration that the plaintiff is a tenant in common with others, we think that the form of the defendant's undertaking is such that the plaintiff is not entitled to sue alone. The action is based upon the implied promise of the defendant, arising from its legal duty, to pay over the surplus proceeds of the sale in accordance with the reservation in the power. That reser-

vation is to the mortgagors, their heirs and assigns, collectively, and not to them separately according to their several interests. The language is, " accounting to us, and our heirs and assigns, for all sums over and above," etc.  The undertaking, therefore, was to pay all of the owners of the equity of redemption at the time of the sale jointly, and not severally.  In this respect it is different from the statutory power of sale in England, which directs the payment of the surplus to the mortgagor, his heirs, executors, administrators, or assigns, according to their respective rights and interests therein.  2 Jones on Mortgages, § 1787, note 1.  In *Hill* v. *Gibbs*, 5 Hill N. Y. 56, 59, cited above, the court further says : " But the tenancy in common has little to do with the case, except to make out the plaintiff's title. . . . The securities were placed in the defendant's hands as the joint act of the plaintiff and Bennett, and the defendant was to receive the money on their joint account.  The defendant's contract was with both, not with each severally, and he ought not to be subjected to more than one action."  Where a covenant is in its terms expressly and positively joint, the covenantees must join in an action upon it, although as between themselves their interest is several.  Dicey on Parties to Actions, 113 ; *Bradburne* v. *Botfield*, 14 M. & W. 559, 563, 564, 572, 573 ; *Sorsbie* v. *Park*, 12 M. &. W. 146, 157, 158 ; *Keightley* v. *Watson*, 3 Exch. Rep. 716, 721 ; *Capen* v. *Barrows*, 1 Gray, 376, 379 ; *Haughton* v. *Bayley*, 9 Ired. 337 ; *Sweigart* v. *Berk et al.* 8 Serg. & R. 308, 311.  A covenant with several persons to pay them a sum of money is a joint covenant with all, in the performance of which they have a joint interest, so that one of them cannot sue for his particular share or proportion of the money, but all must join in one action for the whole ; and even the pointing out of the share which each is to take of the entire amount, it is held, will not create a separation of interest, so as to enable the parties to maintain separate actions.  *Lane* v. *Drinkwater*, 1 Cromp., M. & R. 599, 612 ; 5 Tyrw. 40 ; *Byrne* v. *Fitzhugh*, 1 Cromp., M. & R. 613, note ; 5 Tyrw. 54 ; *English* v. *Blundell*, 8 C. & P. 332, 336 ; *Wall* v. *Hinds*, 4 Gray, 256, 64 Amer. Decis. 64, 71.

In actions *ex contractu* the objection to the non-joinder of parties plaintiff is not, as in actions *ex delicto*, waived by neglecting

to plead in abatement, since, in the former, the objection, if it appear on the face of the pleadings, may be taken by demurrer, on motion in arrest of judgment, or in error; and if the objection do not appear on the face of the pleadings, the defendant may avail himself of it, either by plea in abatement or as a ground of nonsuit at the trial, or as a variance upon the plea of *non est factum* if the action be on a specialty, or if upon any other contract, under the plea of the general issue.    1 Chitty on Pleading, *15.

*Judgment for defendant for costs.*

*John D. Thurston & William H. Clapp*, for plaintiff.

*Oscar Lapham & John P. Gregory*, for defendant.