The opinion of the Court was delivered by
Parsons, C. J.
This case comes before the Court upon the reservation of the judge of certain points which arose in the trial of the cause.
It appeared at the trial that the plaintiff and one William II. M’Neil were jointly and equally interested in an adventure shipped on board the ship America, and consigned for sales and returns to the defendant, the master: that, at the time of 'the shipment, Austin was not known to Walsh, as a partner; and the defendant had agreed to account with M’Neil or his assigns. The adventure was profitable: and the defendant, before the commencement of this action, held the proceeds in cash, for one moiety of which the action was brought. Immediately after the shipment it was agreed by Austin and M’Neil, the partners, to sever their interest, and that Walsh should account with Austin for his moiety; and M’Neil gave Austin an order on Walsh for this purpose. When Walsh first returned, he had left the proceeds at the Havana; and immediately on his return, —M’Neil having in the mean time become insoh'ent, — Austin showed Walsh the evidence of his original partnership, of the agreement between him and M’Neil to sever their interest, and that Walsh should account with Austin for his moiety. Walsh refused to pay Austin, but said he was ready to [*405] account with the * right owner, and promised, on the arrival of the proceeds from the Havana, to pay Austin, if they belonged to him.
M’Neil was a witness for the plaintiff, to prove the execution of the writings which proved Austin’s partnership with him, and their agreement to sever their interest, and also Walsh’s confession of the amount of the profits of the adventure. His admission was objected to by the defendant.
On these facts the judge directed a verdict for the plaintiff for a moiety of the proceeds.
The defendant objected to the admission of M’Neil as a witness, because he was interested ; and he excepted to the direction of the judge, because M’Neil was not made a joint plaintiff with Austin.
After hearing the parties, the Court are very clearly of opinion that, M’Neil and Austin being original partners, no agreement ol *365 theirs to sever their interest could entitle either of them to sue alone for his moiety, and that Walsh might take the exception in this case, under the general issue, unless, after notice of the partnership, and of an agreement to sever their interest, he had consented to it, and to account with each for his part, (a) This consent might be either express or implied. If a factor should in fact account with and pay one partner his share, and thereby discharge all his interest in the partnership, this would be an "mplied engagement to account with each partner severally. The second exception must be decided according to the construction we put on the promise to Austin by Walsh, after his return. We cannot adopt the construction of the defendant’s counsel, that it was merely a.n engagement to do what the law would oblige him to do. Upon this construction, his promise is a mere nullity, and a waste of words. The natural construction is, that Walsh, not meaning to decide on Austin’s right, promises, if he should in fact be entitled to a moiety, to account with him for it. The evidence in the case establishes Austin’s right, and the promise of Walsh must be considered as obligatory to Austin to pay him his moiety. We are therefore satisfied that it was a proper direction of the judge to the jury, *that, if they believed the testimony [ *406 ] in the cause, they might legally infer that Walsh made the promise declared on. The jury have made this inference, and, we think, have done right.
As the action was grounded, not on the original promise to M’Neil, nor on any implied promise resulting from the partnership, but upon the express promise of Walsh to Austin, the exception against M’Neil, as an interested witness, has no foundation.

Let judgment he entered according to the verdict.

 Peters vs. Davis, 7 Mass. Rep. 257. — Russell vs. Swan, 16 Mass. Rep. 314. 1 Chitty Pl. 10, 11, 16, 17, 18, 5th Lond. ed.