Parsons, C. J.
The question before the Court, in this case, is upon the sufficiency of the plaintiff’s replication to the defendant’s plea in abatement.
Whether this action arises from a contract or from a tort, we *378 consider the law to be well settled, that if one man is legally answerable, in a personal action, to two or more persons jointly, if he will settle and adjust the controversy with either of them, so that he has no longer an interest in the dispute, this is a severance of the cause of action, as to any or all of the parties. Upon this principle, when the defendant permitted Brown Baker to proceed alone for his damages, and referred his demand to referees, on whose report Brown Baker had judgment, he in law agreed to a severance of the demand for damages; and cannot now take ex- [ * 462 ] ception * to the plaintiff's writ, because he has sued without joining Brown Baker, who is already satisfied for his damages.
If, therefore, the plaintiff ought prima facie to have joined Brown Baker as a co-plaintiff, yet, from the facts disclosed in the replication, it appears to us to be a sufficient answer to the defendant’s plea in abatement, and the interlocutory judgment must be entered. [ Vide 2 Mass. Rep. 405, Austin vs. Walsh.]
It may be observed that, if this action be founded on contract, there is another exception to the plea. For the want of the proper plaintiffs in actions on contract, is an exception to the merits, and is to be taken advantage of, either on demurrer, in bar, or on the general issue, but not by plea in abatement. [ Vide 1 Bos. & Pul. 67, Scott vs. Godwin.]
The action is, however, substantially founded on a tort, as the false and fraudulent affirmation is the gist of it; and the two Bakers could not have legally joined in the suit; as this affirmation, although made in the hearing of and directed to both, yet in its nature is several; as one of the purchasers might have been deceived, and the other not, from his having a knowledge of all the facts attending the building of the mill and dam, or from some other cause. But if the affirmation was part of the contract in the sale, then it must be proved by some memorandum in writing, signed by the defendant or his agent.

Respondeas ouster awarded.