Smith, C. J.
The objection is that plaintiff, neither as one-third owner, nor master, can maintain this action for the freight; two of the defendants being owners of two-thirds of the rum, and two-thirds of the vessel in which it was brought.
It seems clear that plaintiff cannot recover the whole freight. This would be compelling the owners of two-thirds of the vessel to pay to the owner of one-third the whole freight. If entitled at all, it is only to one-third the freight, in respect of his share in the vessel; and to this he seems equitably entitled.
1. Objection. All the owners must join in an action for freight, even if we suppose Conner the sole owner of the rum, or that the three defendants were in no way connected with the plaintiff or the vessel.
The general rule is so. When a contract is made with several, all must join in the action. 1 Chitty, 5, 25, 26 ; Abbott on Shipping (98, 99). The non-joinder may be taken advantage of at the trial, and is ground of nonsuit. Indeed, it appears on this declaration. It is not pretended, in this case, on the part of the plaintiff, that the defendants made any express contract with him, in which case he might sue alone. 1 Chitty, 6, n. (z). The contract proved in this case is one which arises by implication of law.
But there are several exceptions to the general rule that all the parties to a joint contract must join.
One is, that, where two out of three have been paid or have received their shares, the third may, in respect of such severance, sue alone for his proportion. 1 Chitty, 7 ; Esp. 117; Garret v. Taylor, Abbott (98, 99). Now the present *306 case is in substance the same. G. Leavitt and J. T. 'Gilman owned two-thirds of the merchandise, — the rum; as owners of two-thirds of the vessel, their two-thirds comes freight free, which is the same thing as if A. and B. had been the owners of the rum with Conner, and had paid each of them their one-third of the freight of the rum. They are satisfied; they cannot sue ; the}' have no demand for the freight of the sixty-four puncheons of rum. Why should they join in the action for this freight, as they have nothing to receive? Stephen Gilman has something to receive. All that is due is his. This necessarily works a severance, and takes the case out of the general rule.
This exception, as it respects torts, was recognized and established- in Addison v. Overend, 6 T. R. 766; and Sedgworth v. Overend, 7 T. R. 279. There, one of two joint owners of the vessel had been paid his share of the damage done to the vessel; and it was held he could not, and consequently need not, join in the action to recover the residue of the daqiages sustained. That action was properly brought in the name of the party entitled to whatever might be recovered.
In Baker v. Jewell, 6 Mass. 460, Parsons, C. J., applies this doctrine to actions founded on contract. Where one is answerable to two or more, jointly, and he adjusts the matter with either of them, so that he has no longer an interest in the dispute, this is a severance of the cause of action, (a) See also Austin v. Welsh, 2 Mass. 401, where it was held that, where a factor (who is liable to two) pays one of the partners his share, so that he ceases to have any interest in the pp. [partnership ?], this is an implied engagement to account with each partner severally.
Here I consider the situation of these three owners of the vessel as placing them on the same ground. The defendants are answerable to one, because the others are satisfied, have *307 no claim on this one-tliird of the freight. This is all due the plaintiff; and, if he cannot recover it in this form of action, he is without remedy.
This objection, therefore, cannot prevail, under the circumstances of this cause.
I might have observed that part-owners of a ship are not, to every purpose, partners. They are qua partners. One cannot sell; employ. One can bind all for necessaries, supplies for the ship ; so can the master. Abbott (92, 94, 97).
2. But a second objection is, that this action is not maintainable, because two of the defendants are jointly entitled, with the plaintiff, to the freight sued for.
The case in 2 B. & P. 120, shows that the same person cannot be plaintiff and defendant. Brander made note to Newman, Chatteris, and himself. They indorsed it to two Mainwarings and the same Chatteris. These last sued Newman as indorser. It was held that the action was not maintainable. Newman was not liable alone, and Chatteris could not both sue and be sued on the same cause of action. So, here, Stephen Gilman, Gilman Leavitt, and J. T. Gilman cannot sue Gilman Leavitt, J. T. Gilman, and B. Conner. But the answer to this objection is, that Stephen Gilman can, under the circumstances of this case, sue alone. Why may he not sue Gilman Leavitt as well as any other, e. g. Conner ? Gilman Leavitt is not jointly entitled with him to any part of this freight. It is all due S. G.[1] bio action at any time lay for the two-tliirds, and the action for the one-third can only be brought by S. G. It is only for Conner’s rum, i. e. one-third of the sixty-four puncheons, an action lies; and it does not affect plaintiff’s right that two of these defendants, who are also joint owners of the vessel with him, are, in law, answerable jointly with Conner. They are sureties for Conner. They are sued, not as owners of the vessel, but as jointly liable with the owner of the rum. As there has been, under the circumstances of this case, a severance in the ownership of the vessel, it is as though plaintiff owned the whole. As *308 the joint .ownership does not require joinder with plaintiff, it shall not prevent joinder with defendant.
3. Objection. Hardship on G. Leavitt and J. T. Gilman, — not that they are jointly liable with Conner; they are so by law and in equity; but that Stephen Gilman should receive the whole freight from Conner.
Answer. But they have received the whole of the other two-thirds. Why should not Stephen Gilman of this ?
But, it may be said, possibly, on settlement of the voyage, nothing found due to Stephen Gilman, even if he recovers none of this.
Answer. This is not in evidence, and it is just as probable that he may be entitled to this and more. This is only putting him on a par with them. It is giving him no preference.
4. Objection. No action lies, but for one-third of the net profits of the voyage, plaintiff must sue in account. (a)
Answer. In this case the owners have severed, as it relates to this part of their dealings, and must be so considered throughout. This action is only for what grows out of the severance, — not for proportion of profits.
Defendants are sued as Conner is, not as partners but strangers, and for the freight of Conner’s rum.
Account would not lie for this. No such action against Conner.
If this action does not lie for this freight, no action lies.; and, as this freight belongs to Stephen Gilman, he must have some action. Suppose Gilman Leavitt and J. T. Gilman insolvent, and Conner solvent; then no action lies against Conner, and plaintiff can only look to two insolvent persons, each of whom has received his share of the freight for the sixty-four puncheons of rum. Plaintiff only sufferer.
5. Objection. This is saying one owner may sue another for freight earned by their joint ship.
Answer. No such proposition is maintained. If all de *309 fendants owners, account would give adequate relief to plaintiff. But, as account does not lie, and as defendants are strangers, and plaintiff is to Ife considered as sole owner quoad hoc, the doctrine does not apply. Defendants are not sued as owners of the vessel, but as owners of the merchandise carried. Qua owners of vessel, they have been paid. Qué owners of the rum, they still owe with Conner.
It is said, for plaintiff, that he may sue for freight as master, if he cannot as owner. 1 Chitty, 5 ; Declaration, 2 Chitty, 21; Abbott (246, 247, n., 215, 277, 294, 295); 1 East, 20; 4 Esp. 22; 4 Mass. 91. Master has lien; ergo, may sue. If he cannot sue his owners for freight, may sue Conner, a stranger; especially where owners, as such, cannot. Clearly Stephen Gilman, Gilman Leavitt, and J. T. Gilman cannot, because two last may be and must be defendants.
It would seem Stephen Gilman might sue Gilman Leavitt as ship's husband of the Rockingham-; [?] ergo, may all.
[Judgment for plaintiff, for $314.21.]

 6 Mass. 436. One part-owner six-sixteenths sued the charterer for six-sixteenths freight; the other owners of the ten-sixteenths freight had been settled with: no objection to this action.

 The manuscript reads “ G. L.; ” but this seems a slip oí the pen.

 One partner cannot sue his copartner, in indebitatus assumpsit, for his proportion of the profits, unless for balance on settlement. 1 Chitty (98), and cases cited.