## Case No. 12,407.

### SAWYER et al. v. STEELE.

[4 Wash. C. C. 227.] [1]

Circuit Court, D. Pennsylvania. April Term, 1818.

NON-INTERCOURSE — FORFEITURE — DISTRIBUTION OF SHARE—OFFICERS OF REVENUE CUTTER —ASSUMPSIT—JOINDER.

1. The officers of a revenue cutter may join in an action of assumpsit against the collector, for their proportion of a forfeiture, under the laws of the United States.
[Cited in Boston & M. R. R. v. Portland, S. & P. R. R., 119 Mass. 500.]

2. The general doctrine of the law as to joinder in actions.

This was an action of indebitatus assumpsit brought by the plaintiffs, the officers of a revenue cutter, against the defendant, the collector at Philadelphia, for money had and received to their use, to recover their proportion of the forfeiture incurred by the Perseverance, for a breach of the non-intercourse law. The jury found a verdict for the plain-

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United Sates, under the supervision of Richard Peters, Jr., Esq.]

tiffs, subject to the opinion of the court, upon the question, whether the plaintiffs can join in the action.

WASHINGTON, Circuit Justice. The rule of law applicable to this subject, is laid down in Slingsby's Case, 5 Coke, 19, which has never been departed from, to my knowledge. It is, that where the grantees are to take a joint interest in the thing granted, they must join in the action, although the covenant is made with them severally; and the reason assigned is, that a man cannot, by his covenant, unless in respect of several interests, make it first joint and then several; but if the interests are severed, then the covenant in respect thereof may be several. 1 East, 500. This rule is universal in its application to actions in form, ex contractu. But in cases of tort, or which sound in damages, two or more may join, though their interests be several, if the damages sustained are joint. Coryton v. Lithebye, 2 Saund. 115; Weller v. Baker, 2 Wils. 423; Winterstoke Hundred's Case, Dyer, 370; Vaux v. Stewart, Rolle, Abr. 31; Brooke, Abr. "Joinder in Action," 103. The reason why, in these and similar cases, the parties must join, although their interests are several, is, that the damages cannot be apportioned between the parties, and as neither can sue for the whole, or for a part, they must join from necessity. But I take the rule itself to be universal, that where the legal interest is joint, the parties cannot sever in their action, unless the interest is first severed; because if they might do so, the court could not know for which plaintiff to give judgment. Where the reason ceases, the observance of the rule is dispensed with; and therefore, if one of two persons, having a joint interest, receives his proportion, this amounts to a severance, and the other may sue alone for his share. 1 Esp. N. P. 117.

Keeping this rule in view, the court will proceed to the more particular examination of this case; and the only question will be, whether the grant of the proportion of the forfeiture for which this action was brought, is to be construed several or not. The eighteenth section of the act of March, 1809 [2 Stat. 528]. refers to the ninety-first section of the duty law [1 Stat. 697], for the manner in which the penalties and forfeitures incurred under that act are to be distributed. The section so referred to declares, that all fines, penalties, and forfeitures, recovered by virtue of that law (and not otherwise appropriated) shall, after deducting all proper costs and charges, be disposed of as follows; one moiety shall be for the use of the United States, and be paid into the treasury by the collector receiving the same: the other moiety shall be divided between. and paid, in equal proportions, to the collector and naval officer, and surveyor of the port, where the same shall have been incurred: provided, nevertheless, that in all cases where the said penalties, &c. shall be recovered, in pursuance of information given to such collector by any person other than the naval officer or surveyor, the one half of such moiety shall be given to such informer, and the remainder thereof shall be disposed of between the collector and the other officers. It is also provided, that "where the said penalties, &c. shall be recovered in consequence of any information given by any officer of a revenue cutter, they shall, after deducting all proper costs and charges, be disposed of as follows: viz. one fourth part shall be for the use of the United States, and paid into the treasury thereof, in manner as before directed; one fourth part for the officers of the customs, to be distributed as hereinbefore set forth; and the remainder to the officers of such cutter, to be divided among them agreeably to their pay." It is not to be controverted, that this would have been a grant of a joint interest to the officers of the cutter, if the words "to be divided among them agreeably to their pay," had been omitted; and then the inquiry is, how far those words operate to sever the grant to those persons? What is the legal operation of these words?

The plaintiff's counsel have contended, that the officers of the revenue cutter took a joint interest in the proportion of the forfeiture to which they are entitled; and in support of their argument, they have relied principally upon the case of Ward v. Everard, 1 Salk. 390, 1 Ld. Raym. 422, and other books where the same case is reported. I agree that the words "equally to be divided," had they been used in the law under consideration, would not have severed their interests, and this opinion is founded upon a full examination of all the cases. Fisher v. Wigg, 1 Ld. Raym. 622; Stringer v. Phillips, 1 Eq. Cas. Abr. 291; Hood v. Stokes, 1 Wils. 341; Rigden v. Vallier, 2 Ves. Sr. 256; 2 Vent. 365; Ward v. Everard. Carth. 340; 12 Mod. 227; 3 Bac. Abr. 195; 5 Mod. 26; 2 Bl. Comm. 193; Den v. Gaskin. Cowp. 657. But it is to be observed, that all the cases which were cited at the bar upon this branch of the subject turned upon the effect of the words "equally to be divided." or others of like import. I have met with none in which the distribution was unequal, as it is in this case; and I am strongly inclined to think. that, upon Lord Holt's own reasoning in Ward v. Everard, such a distribution would have been considered by him as a severance of the interest granted. In short. I can discover in a grant of unequal interests to two or more persons, nothing of that unity of interest, which is one of the characteristics of a joint tenancy. For, although there may be a joint tenancy, notwithstanding there should be an inequality of interest between the parties in the estate granted; as for example, A and B may be joint tenants for life, and yet the fee be limited to one of them; or there may be an inequality in the chance of survivorship, as where A and B are joint tenants for the life of one of them; yet this estate cannot be created where there is not a unity, or equality in the thing held in

joint tenancy; for if it were otherwise, the jus accrescendi would be most unjust. This inequality, it is true, may take place amongst partners by the law merchant; but there, there is no survivorship.

But without pursuing this inquiry further, I feel no difficulty in deciding, that, if the joint interest was severed, so that the plaintiffs took as tenants in common, they might nevertheless join in this action. It has been before stated, that joint tenants must, in all cases, join in actions ex contractu, and so must tenants in common, in actions for torts, where the wrong complained of is an entire joint damage. But although they must sever in an avowry for rent, yet it is unquestionable law that, in debt, or covenant, for rent, or upon any other contract relating to their interest, they may join, or sever, at their election. Martin v. Crompe, 1 Ld. Raym. 341; Lit. S. 316; Carth. 289; 3 Wils. 118; 2 W. Bl. 1077; Harrison v. Barnby, 5 Term R. 249; Kitchin v. Buckley, T. Raym. 80; 1 Leon. 109; Kirkham v. Newsted, 1 Esp. N. P. 117. I do not recollect, indeed, that this doctrine was controverted by the defendant's counsel, because the ground upon which he mainly relied was, that the grant to the officers of the revenue cutter was, in its nature, several, as much so, as if a certain sum had been granted to each of the officers respectively. My opinion is different. I do not think that such an inference is warranted, either by the intention of the law apparent upon the face of it, or by a necessary construction of its language.

As to the first,—the phraseology of the ninety-first section of the duty act is peculiar. The moiety intended for the use of the United States, where there is no informer, is to be paid into the treasury by the collector, and the other moiety is to be divided between and paid in equal proportions to the custom house officers. If there be an informer, other than an officer of the revenue cutter, then the half of the moiety before given to the custom house officers, is given to such informer. Now it seems most obvious, that in all these cases, the collector is to make the distribution, and the interest of each person is clearly separated. But if the information be given by an officer of a revenue cutter, one fourth of the forfeiture is declared to be for the use of the United States, and paid into the treasury in manner before directed; one fourth for the officers of the customs, to be distributed as before set forth; and the remainder to the officers of the revenue cutter, to be divided among them agreeably to their pay. It is not to be paid to them, nor to be divided between and paid to them in equal proportions, as provided in the other cases; but it is given at once to the officers to be divided between them: so that the collector has nothing to do with the distribution, but may pay it to them, or to either of them, and leave them to divide it in the proportions marked out in the law. It would seem to be un-

reasonable that the legislature should have imposed upon the collector the trouble of making a distribution among persons with whom he had no privity or connexion; and the risk to which he might have been exposed by making an erroneous distribution. The same reason does not apply to the payment of a definite sum into the treasury of the United States, or to an informer, and the distribution of equal proportions amongst himself and the other officers of his establishment.

As to the second,—the grant is to the officers of the revenue cutter, to be divided between them. Here then is the unity of possession which constitutes a tenancy in common. They hold in common until the division is made; and it is no argument to say that the parties knew their own in severalty, since by a plain calculation, it might at once be known to what sum each officer was entitled; for the possession of the money was still of the whole, until the division should be made. In the case of Ward v. Everard, it was much more distinctly known to what sum each was entitled, and yet the grantees were decided to be joint tenants, the limitation of £20 a-piece being considered as merely pointing out the mode of distribution, without severing the grant. So in Knight's Case, and the case put in Co. Litt. 169b, of a grant of one co-parcener of a rent of £20 for equality of partition to the other two, viz. £10 to each, the separate right of each is distinctly marked, and yet in both, the grantees took as joint tenants. These cases then are abundantly strong, to prove at least that the plaintiffs did not take severally.

The case of part owners of a vessel is not inapplicable to the present subject. It is laid down in Abb. Shipp. 66, that they make but one owner; and in case of injury done to the ship by the wrong or negligence of a stranger, they ought regularly to join in one action, at law, for the recovery of damages, which are afterwards to be divided amongst them, according to their respective interests; although, if they sue severally, the defendant must take advantage of it by a plea in abatement, the rule being provided for his benefit, that he may not be harassed with the expense of several suits. Now it is most apparent, that, although for the reason assigned they should all join in the action, yet, in point of interest, they are nothing more than tenants in common. If it be said that by permitting the plaintiffs in this case to unite their interests by bringing one action, survivorship might take place in case of the death of one or more of them, I would answer: (1) That this objection should have had its weight with the plaintiffs, who have voluntarily united; but that it comes with a bad grace, to say the least of it, from the defendant; and (2) that it was in the power of the plaintiffs, by an agreement amongst themselves, to guard against such a consequence.

Upon the whole, we are of opinion, that

this action was properly brought by all the officers, and that judgment should be given in their favour.