## HOLLAND *vs.* WELD.

Where one, being liable to two or more in a joint personal action, settles the dis‑ pu*r*e with one of them so far as that one is concerned ; the cause of action is the*r*eby changed from join*t* to several ; and the party becomes liable to each of the others for their separate damages.

THE question in this cause arose upon a case stated by the parties, to the following effect :—

*Weld*, the defendant, in 1820 entered into a parol contract with *Holland* and three others jointly, that if they would buy his timber lands in plantation No. 4, at a certain price, he would clear the ob‑ structions out of *Webb's* river, so that they might float the timber to market ; whereupon they bought the lands, as tenants in com‑ mon. Afterwards, some dispute arising, he obtained from one *Austin*, who was one of the contracting parties, a release, under his seal, of the following tenor ;—" I the subscriber hereby dis‑ " charge and release *Benjamin L. Weld* f*r*om any liability to me " for any damage sustained in consequence of the nonperformance " hitherto or hereafter of any contract to clear the rips in *Webb's* " river, by him heretofore made, or alleged to have been made. " In witness"—&c.

*Holland* then sued *Weld* for so much damages as he had sus‑ tained in his own separate timber, by the existence of such ob‑ structions as the defendant had undertaken to remove ; setting fo*r*th the original contract with the four, and the release given by *Austin*, whereby a right accrued to each party to maintain an action for his separate damages. And the question was whether the release was available to the defendant, to defeat this action.

*Greenleaf* and *Washburn*, for the plaintiff, contended that though the defendant had originally a right to require the joinder of all the parties, in a suit against him ; yet having made a settlement with one of them for his particular damages, he had destroyed the joint character of the contract, and left each of the others at liberty to assert his own claims in a separate action. *Baker v. Jewell* 6 *Mass.* 460.

*Dana,* for the defendant, insisted that the effect of the release was to discharge the whole subject matter of the contract. It was not in the power of any one of the promissees to change its character from joint to several ; nothing could effect this, short of the assent of all who were originally parties to the agreement. Until they all should assent to the contrary, it would remain a joint contract, the remedy on which any one of the promissees might destroy, by his own release ; thereby rendering himself accountable to the others. And such was the case here, *Austin* having absolved the defendant from the obligation, and placed himself in his stead, in relation to the other parties. *Wilson v. Moor* 5 *Mass.* 407.

If it is not so, yet the case cited on the other side, when properly understood, will be found to go no farther than to determine that the defendant, after a settlement with one of several joint promissees, is answerable to the others jointly ; the contract still continuing joint, as far as any are concerned who were not parties to the settlement. Any other construction would tend to a multiplicity of suits, and introduce great confusion in the apportionment of damages by different juries, and upon different principles.

MELLEN C. J. delivered the opinion of the court, at the ensuing *September* term at *Wiscasset.*

The single question submitted to our consideration is, whether the release given by *Austin,* one of the four persons who jointly contracted with the defendant, is available to him against each and every of the other contracting parties. The release in its terms discharges *Weld* from his liabilities to *Austin* only, for any damages sustained by him. To give it a more broad and extensive operation, would be contrary to the expressed intention of both the parties. According to *Cole v. Knight* 3 *Mod.* 277, and *Lyman v. Clark & al.* 9 *Mass* 235, a release should be confined to the object which was in view, and on which it was plainly the intention of all concerned, that it should operate. The contract was originally joint ; and had no release been given by *Austin,* an action must necessarily have been brought in the name of all the

Holland *v.* Weld.

four, against the defendant ; but as he has accepted the release, and availed himself of it so far as he was once liable to *Austin* ; he has by this act converted the joint contract into a several one; and he must now permit the plaintiff and the other two promis- ees to consider the contract in that light, and assert their claims against him accordingly. This course is manifestly just ; and sanctioned by settled principles. In *Baker v. Jewell* 6 *Mass.* 460 *Parsons C. J.* says, " We consider the law to be well settled, " that if one man is legally answerable in a personal action to " two or more persons jointly, if he will settle and adjust the " controversy with either of them, so that he has no longer an " interest in the dispute, this is a severance of the cause of " action as to any or all of the parties." In this view of the subject it is clear that the release of *Austin* is available to the defendant against *Austin* only. And according to the agreement of the parties the cause is to stand for trial.