McKinney, J.,
delivered the opinion of the court.
This suit commenced by warrant, before a justice of the peace of Gibson county. The ground of action is this : The plaintiff and her two brothers were the joint owners, as tenants in common, of a house in the town of Trenton, which was leased for the year 1850, to the Stewards of the Trenton circuit, for the use of the circuit preacher for that year. Near the close of the year, the sum of forty-six dollars was made up by the church, and deposited in the hands of the defendant, as the rent of said house. The plaintiff then was, and still is, a minor, under the age of 21 years, and without a guardian. The direction given to the defendant, when the money was placed in his hands, was “to pay it over as soon as he legally could.”
The proof in the cause establishes, that, before the institution of this suit, the defendant voluntarily paid to W. H. Parker, one of the joint owners of the fund, (he being of full age,) bis equal share thereof. The proof also shows, that the defendant admitted that the claim of the plaintiff for her third part of said fund, except the interest demanded thereon, “was *547 just, and that he would pay it as soon as there was any person authorized to receive it.”
Upon the foregoing facts the circuit judge instructed the jury, in. substance, that if the fund placed in defendant’s hands belonged jointly to the plaintiff and her two brothers, that she could not maintain a separate action for her share thereof; that all must join in the action to recover the money, unless the fund had been placed in defendant’s hands to be separately distributed, and he had agreed to pay it out separately; in such case, each might sue separately for his or her share. The court further charged, that if the fund were placed in defendant’s hands, to be paid over as soon as he could legally do so, and the plaintiff was an infant under twenty-one years of age, that he could not legally pay it to the infant, but could only legally pay it to her guardian.
The jury found for the defendant, and the plaintiff appealed in error to this court. The instructions of the court are erroneous upon both points.
1st. It is certainly true, that when a contract is made with several persons, whether it be under seal or by parol, if their legal interest be joint, or if several persons have a joint legal interest in a fund, they must all, if living, join in the action, in form ex contractu, for the breach of such contract, or the recovery of such fund. But it is equally true, that if the legal interest, or cause of action, is several, each may maintain a separate action, although the words of the contract may be joint. 1 Chitty on PI. 7-8. And it is no less true, even in the' case of a joint legal interest, that if there has been a severance of such joint interest, by the act of the parties, each party maythereafter sue separately. As in a case like the present, where several have a joint interest in a fund, and one has been paid his share, this in law is a severance of their joint interest, and the others may, in consequence of such severance, sue alone for their proportions of the fund. In *548 such case, the severance, as to one, destroys the unity of interest, and operates a severance as to all the parties ; and the defendant by whose voluntary act, either express or implied, such severance was made, is ever afterwards precluded from objecting to the right of the other parties to sue separately. 1 Chitty on Pl. 8. 2 Mass. R. 401. 6 Mass. R. 460.
So, it has been held, that a promise to pay each party his respective proportion of the proceeds of a joint transaction, precludes the party promising, in an action against him by one of the parties, from objecting that there are others having a joint interest in such proceeds. 3 Caine’s R. 54. 8 Cranch’s R. 50.
2d. We are of opinion that the defendant would have been protected in paying to the plaintiff her proportion of the rent sued for in this case, although she were an infant at the time, and without guardian. According to the doctrine as now understood, infancy is not permitted to protect the fraudulent acts of infants. In illustration of this proposition, Kent lays it down, (2 vol. Com. 240,) that if an infant receive rents, he cannot demand them again when of age; and of the correctness of this proposition we think there can be no question, either upon principle or weight of authority. But, at all events, there is no pretence, upon this ground, for resisting a recovery, in the present suit, brought by the next friend of the infant plaintiff.
The judgment will be reversed, and the case be remanded for a new trial.