Moncure, J.
delivered the opinion of the court.
This was an action of debt brought by the appellee Jane Floyd against Robert Morris and the appellant Benjamin Strange, on a ne exeat bond. It abated as to Morris by a return of “ no inhabitant” on the writ. Strange demurred generally to the declaration, and pleaded condition performed; and issues were thereon joined. The demurrer was overruled, and verdict and judgment were rendered for the plaintiff for the penalty of the bond and costs, to be discharged by the payment of the. damages assessed by the jury and the costs. To that judgment a supersedeas was awarded by this court, on a petition in which the error assigned in the judgment is, the overruling of the demurrer; which it is insisted ought to have been sustained, first, because the declaration showed that the suit was brought by only one of three obligees, no excuse being shown for not joining the other two as coplaintiffs; and secondly, because the declaration does not aver the nonpayment of the penalty of the bond to the other obligees beside the plaintiff. The bond is copied in the record, but was not made part thereof by oyer; and the court cannot therefore 109k to it for the purpose of ascertaining its nature; but must look alone to the declaration. The bond, as stated in the declaration, is a joint bond to the plaintiff and two others. And there is no better settled rule of law, (except so far as it may be affected by the second section of the 116th chapter of the Code, which does not apply to this case,) than that all the obligees in a joint bond ought to be joined in the action thereon; or the death of such as are not so joined, or some other sufficient excuse for not joining them, ought to be averred in the declaration; and that if it appear upon the face of the declaration that there are other obligees who ought to be, but are not, joined in the action, the objection is fatal on general demurrer. 1 Chitty’s Pl. 7 and 8 ; *476 1 Wms. Saund. R. 153-6, and 290-292, and notes; Scott v. Godwin, 1 Bos. & Pul. 67; Baker v. Jewell, 6 Mass. R. 460. It is also well settled that in an action on a bond to more than one obligee, nonpayment of the debt to all’ of the obligees ought, in substance, to be averred in the declaration. This court is therefore of opinion that the Circuit court erred in overruling the demurrer. But inasmuch as the defendant may have had a sufficient excuse for not making her co-obligees coplaintiffs with her in the suit, and might have obtained leave to amend her declaration for the purpose of averring such excuse, if the Circuit court had been of oiiinion that the demurrer should be sustained, it is proper that an opportunity of doing so should still be afforded her, according to the case of Hale v. Crow and wife, supra 263, and according to the principle of the case of Creel v. Brown, 1 Rob. R. 265, and other decisions of this court. Therefore the judgment is reversed with costs, the verdict set aside, a new trial awarded; and the case is remanded to the Circuit court that it may render judgment for the defendant on the demurrer, unless the plaintiff should, on leave obtained ip that court, amend her declaration and show a sufficient excuse for ■not making her coobligees coplaintiffs with her in the suit, and aver nonpayment of the debt to any of the said obligees'; and if the declaration be so amended, for such further proceedings to be had therein as may be proper on the present pleadings and such other pleadings as may be offered by either party and admitted by the court.
Judgment reversed.