GOCK and JOHN *vs.* KENEDA and another.

Where two tenants in common of chattels unite in an action for the conversion thereof, one cannot release, discharge or settle the action, so as to defeat the rights of the other to proceed and recover his portion of the damages.

If one of the plaintiffs settles the action, without the consent of the other, and executes a release to that effect, *it seems* the action may proceed in the name of both plaintiffs, for the benefit of the one not releasing; or an amendment can be made, striking out the name of the other.

MOTION by the plaintiffs for a new trial, upon exceptions. The facts are sufficiently stated in the opinion.

*Wm. Woodbury*, for the plaintiffs.

*C. C. Torrance*, for the defendants.

*By the Court*, MARVIN, J.   The parties are Indians, residing on the Cattaraugus reservation.   The plaintiffs were tenants in common of two pairs of steers, of the value of $170, and the defendants converted them to their own use, and this action was brought to recover damages for such conversion. The action had been pending some time, when the defendants settled it with Abraham John, one of the plaintiffs, for the sum of two dollars, John executing a paper to that effect, intending however not to release Gock's share of the cattle, but intending to settle the action.   The judge at the circuit held that the suit was settled, and directed a verdict for the defendants.   The plaintiffs' counsel insisted that Gock could recover for one half the value of the steers, and excepted to the decision.

The rule undoubtedly is that tenants in common must join in an action for the conversion of their property.   If they do not join, and the defendant does not object by plea or answer, he cannot upon the trial defeat a recovery.   The damages will be apportioned, and the plaintiff will recover for his interest in the property.   And when the other tenant sues to recover damages for his interest, the defendant cannot raise the objec-

Gock *v.* Keneda.

tion of the non-joinder of his co-tenant. (1 *Chit. Plead.* 66. 7 *T. R.* 279. 5 *Hill,* 59, *note.*) Having joined in the action, can one of the tenants in common settle the action, so as to deprive his co-tenant of the right to proceed and recover for his interest in the property? Counsel stated upon the argument that no such case had been found; and I have found none.

In *Austin* v. *Hall,* (13 *John.* 286,) the action was by tenants in common, for trespass upon their lands. The defendant pleaded a release by one of the plaintiffs, and the court held that the action was strictly a personal action, and that the plaintiffs were bound to join in it, and that the release was a bar to the action. No authority is cited. This case is noticed in *Decker* v. *Livingston,* (15 *John.* 482,) and the court say, " There can be no doubt that when there is such a unity of interest as to require a joinder of all the parties interested in a matter of a personal nature, the release of one is as effectual as the release of all." Chitty says, " In personal actions, as in trespass or nuisance to their lands, tenants in common may join, because in these actions, though their interests are several, yet the *damages survive* to all, and it would be unreasonable, when the damage is thus *entire,* to bring several actions for a single trespass." (1 *Ch. Pl.* 65.) In *Co. Litt.* 198 *a,* it is said that when damages are to be recovered for a wrong done to tenants in common or parceners, in personal actions, and one of them dies, the survivor of them shall have the action, for albeit the property or estate be several between them, yet the personal action is joint. After referring to a variety of cases, including trespass upon the lands of tenants in common, in which all must join in the action, and in case of the death of one, the action survived to the other, he says, " But if two tenants in common be of goods, as of one horse or of any other personal, then, if one die, his executors shall be tenants in common with the survivor." We have here the reason why tenants in common must unite to recover damages for a trespass upon their lands. The *right* to the damages—a mere *chose in action*—survives. In the case of personal property

the survivor of two tenants in common will not be the owner of the entire property, but the personal representative of the deceased will be tenant in common with him. The reason of the decision in *Austin* v. *Hall*, (*supra*,) does not apply to tenants in common of personal property. It may be argued that as tenants in common must unite in an action for the conversion of their property, or the defendant may defeat the action by taking the objection in his pleadings, the release by one of the plaintiffs will of necessity defeat any action, as his release will estop him. Let us advert to some principles well settled, relating to tenants in common of personal property. One tenant in common has no authority to dispose of the property, so as to divest the title of his co-tenant. If he cannot sell the property and make a good title to the vendee, what authority can he have to release to a wrongdoer the cause of action which belongs to the tenants in common, and which would not survive to him alone? What right has he to settle the action and thus deprive his co-tenant of any remedy? If he settle the action and gives a release, for a valuable consideration, this would be equivalent to a sale of the property, and he has no power to sell his co-tenant's share.

It may be said that a co-tenant may defeat the action by refusing to become a party to it. I apprehend that this is not so. If he should refuse to unite in the action, the law would, I think, afford redress to the other co-tenant. I will not stop to inquire in what manner this could have been done prior to the code. Now, if the consent of any one, who should join in the action, cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint. (*Code*, § 119.) In the present case the plaintiffs had united in the action; and in my opinion one of them could not release, discharge or settle the action, so as to defeat the right of the other to proceed and recover his portion of the damages. He could settle for his portion of damages, but he could no more settle for the portion of his co-tenant than he could sell the share of his co-tenant. If one tenant in common should settle

Gock v. Keneda.

for his portion of the damages before action, the other may sue without joining him, and the defendant cannot plead in abatement. (*Baker* v. *Jewell*, 6 *Mass. R.* 460.) And when one is liable to two or more on a joint contract and settles with one, for his part of the claim, the others may sue for their part without joining the one settled with. (*Holland* v. *Wild*, 4 *Greenl.* 255. 2 *Mass. Rep.* 405.)

A settlement of the action by one tenant in common, without the consent of the other, will only enure as a settlement of the damages belonging to the party settling.

If the trespasser may settle with one of the tenants in common, before action, for his damages, without affecting the right of the other co-tenants to sue, I can see no reason why they may not settle with one of the tenants, after the action is brought, without affecting the right of the other co-tenants to proceed in the action; and as a tenant in common has no right to sell the entire property, he has, in my opinion, no right to release the entire cause of action. It does not belong to that class of cases where one of the joint obligees, promissees or covenantees may accept performance and give an acquittance.

I see no objection to the action proceeding in the name of both the plaintiffs, for the benefit of Gock; or if that is objectionable, then an amendment can be made by striking out the name of John.

There must be a new trial, costs to abide the event.

[ERIE GENERAL TERM, February 14, 1859. *Grover, Greene, Marvin* and *Davis*, Justices.]