Woodbury v. Delap.

knew of the use to be made of the packages, and that the title to the silver depended on chance. They therefore sold the property to defendants to be applied to the purpose of a lottery. If this is not a sale for the purpose of aiding and assisting in such lottery, I am unable to understand what aiding and assisting within the meaning of this statute would be.

The defendants I suppose sold the packages to those who sold them singly to purchasers. These persons who thus sold were the ones who incurred the penalty imposed for selling lottery tickets.

The judgment should be reversed, and a new trial ordered, costs to abide the event.

---

### WOODBURY v. DELAP, appellant.

*Demurrer — joinder of parties — joinder of causes of action.*

Defendant sold some oil land to three persons. The land was to be conveyed to J. P. D., one of the persons, to be held by him for the benefit of the three. It was claimed by the purchasers that defendant had misled and deceived them in the sale. J. P. D. released his claim for damages from such deceit, and the other two assigned their claims to plaintiff, who brought action against defendant, without joining J. P. D.

Plaintiff, in the first count of the complaint, claimed damages for fraud and deceit in the sale; in the second count that there was an implied covenant of title which was broken, and in the third and fourth, that defendant was indebted to him for moneys had and received, "as above stated," from the purchasers who had assigned their claims, The complaint further stated that all the causes of action arose out of the same transaction.

*Held,* That J. P. D. having released his claim arising from defendant's fraud, the other two injured parties or their assignee could maintain an action for their damages.

*Held,* also, that the first count contained a cause of action, the second did not, and the third and fourth were for moneys had, etc., by means of false representations, and that a demurrer would not lie to the complaint for improper joinder of causes of action.

APPEAL from order of the special term overruling demurrer to the complaint. The opinion states the facts.

*Scott & Laidlaw* and *A. G. Rice,* for appellant, cited *Austin* v. *Hall,* 13 Johns. 286; *Putnam* v. *Wise,* 1 Hill, 234; *Hill* v. *Gibbs,* 5

id. 56, note *a ; Decker* v. *Livingston,* 15 Johns. 479; Barbour on Parties, 167; *Fitch* v. *Forman,* 14 Johns. 172 ; *Rich* v. *Penfield,* 1 Wend. 380; *Wheelwright* v. *Depeyster,* 1 Johns. 471 (486) ; *Bradish* v. *Schenck,* 8 id. 151; *Brotherson* v. *Hodges,* 6 id. 108; *Patchin* v. *Peck,* 38 N. Y. 39; *Sedgworth* v. *Overend,* 7 T. R. 279.

*W. Woodbury,* for respondent, cited *Newburg* v. *Garland,* 31 Barb. 121; *Stevens* v. *Hyde,* 22 id. 171; *Masson* v. *Bovet,* 1 Denio, 69; *Hawkins* v. *Appleby,* 2 Sandf. 421; *White* v. *Dodds,* 42 Barb. 554; S. C., 18 Abb. 250; *Farmers, etc., Bank* v. *Whinfield,* 24 Wend. 424; S. C., 28 How. 197; *Colville* v. *Besly,* 2 Denio, 139.

MULLIN, P. J.   The first count in the complaint contains a cause of action to recover damages for fraud and deceit, in the sale to William Woodbury, Benjamin McLean and John P. Darling of an interest which defendant represented that he owned in a lease of oil lands in the State of Pennsylvania.   The falsity of the representations, the procurement by means of them of the price agreed to be paid for the interest, and, that by reason of the fraud the plaintiff sustained damages, are averred.

By the agreement the plaintiff was to convey the interest in the lease to John P. Darling for the benefit of the purchasers and the conveyance was made accordingly.

It is further alleged that Woodbury and McLean assigned to plaintiff all their rights legal and equitable in and to the money paid to defendant for the interest in the lease and to all claims they and each of them had against the defendant growing out of the purchase of such interest.   And Darling released defendant from all claims he had against him, growing out of the matters aforesaid.

The complaint contains a second cause of action, on what is called an implied covenant that defendant had the interest in the said lease that he pretended to sell to Woodbury, McLean and Darling.

There is a third count for money paid to defendant by Woodbury, and another for the money paid by McLean, and which sums they have severally assigned to plaintiff.   The defendant demurs to the complaint on the grounds, among others, that the court has not jurisdiction; that Darling should be joined as plaintiff, and that several causes of action have been improperly united in said complaint, and it does not state facts sufficient to constitute a cause of action.

The special term overruled the demurrers, holding that the first count contained a cause of action for deceit in inducing Woodbury and McLean and Darling to enter into the contract. And that there was no misjoinder of causes of action, because there was no other cause of action stated in it. The defendant appeals.

The court below was right in overruling the demurrer. The first count contains a cause of action for the deceit, and it was assignable. *Johnston* v. *Bennett*, 5 Abb. N. S. 331; *Haight* v. *Hayt*, 19 N. Y. 464.

As but two of the three purchasers of the interest in the lease assigned to the plaintiff, and as the purchase was by the three jointly, there is a defect of parties unless it is cured by the allegation in the complaint that Darling released the defendant from liability to him.

It was decided in *Baker* v. *Jewell*, 6 Mass. 460, that if a defendant liable to several persons for damages for a tort settles with one of them, the action is thereby severed, and the other injured parties may maintain actions for their damages.

It was also held in that case that a false and fraudulent affirmation made by a seller of an estate to two or more purchasers is, in its nature, a several tort to each, and they cannot join in actions therefor. If this is the rule in this State, the plaintiff could maintain the action as the assignee of either Woodbury or McLean.

In any view of the question, the first count contains a cause of action. I agree with the court below that the second count contains no cause of action. But I cannot agree that the third and fourth counts do not contain causes of action.

It seems to me that the allegation that defendant is indebted to him for money had and received of defendant by Woodbury and of McLean, "on," etc., "*as above stated*," incorporates the allegations of the first count into the other containing such reference, and renders them counts for money had and received by means of false and fraudulent representations. 1 Chitty's Pl. 113–385. And as the liability grows out of the same transaction as is alleged with that contained in the first count, they are properly recited. Code, § 161.

The order of the special term is affirmed, the defendant to have leave to answer.