BOSTON AND MAINE RAILROAD *vs.* PORTLAND, SACO AND
PORTSMOUTH RAILROAD COMPANY.

Suffolk.   Nov. 15, 1875. — Feb. 28, 1876.   ENDICOTT, DEVENS, &
LORD, JJ., absent.

Where a person, answerable in contract to two jointly, settles with one of them so
that that one has no longer any real interest in the matter in dispute, it is a sev-
erance of the cause of action, and the debtor is liable in an action at law to the
other alone.

Where A., answerable in contract to B. and C. jointly, makes an agreement with B.,
by which B. agrees to pay, release and discharge all A.'s debts, and to indemnify
him against all demands, such agreement puts an end to all real interest of B. in
the claim of B. and C., and C. may maintain an action at law alone against A.

CONTRACT.   The material facts, as they appeared from the
pleadings and a report of the case by *Devens*, J., were as fol-
lows :

The plaintiff and the Eastern Railroad Company made a joint
contract with the defendant, in 1847, by which they had posses-
sion of the defendant's railroad and other property, under an
agreement to run and operate the same, paying the defendant a
fixed dividend on its capital stock therefor, and taking to their
own use all the income and profits of working the road.   They
further agreed to make all betterments, improvements, and addi-
tions to the equipment which they should find necessary or expe-
dient, and the defendant promised to pay them for such better-
ments, improvements and additions, at the termination of the
contract.   The contract was terminated, according to its provi-
sions, in January, 1871; and the plaintiff contended that there
was due to the plaintiff and the Eastern Railroad Company at
that time, from the defendant, about one million of dollars for
such betterments and additions ; and in this action sought to re-
cover one half thereof.

In May, 1871, the Eastern Railroad Company made a new
agreement with the defendant for the exclusive possession and
running of the defendant's road, which agreement contained the
following clause :

" In furtherance of the objects and purposes of the parties
hereto, the said Eastern Railroad Company agrees with the said
Portland, Saco and Portsmouth Railroad Company that the said

Eastern Railroad Company will forthwith assume and will pay, release or discharge all the debts, liabilities and obligations of every description of the said Portland, Saco and Portsmouth Railroad Company, by reason of any matter or thing heretofore done, suffered or transacted by said Portland, Saco and Portsmouth Railroad Company, or which it may hereafter become liable and bound to pay or do, by reason of any acts or omissions of the said Eastern Railroad Company as the agent of the said Portland, Saco and Portsmouth Railroad Company, under this contract, and will at all times save and keep the said Portland, Saco and Portsmouth Railroad Company harmless and indemnified from and against all claims, penalties and forfeitures, suits and demands, for or by reason of any of the said debts, obligations or liabilities, and all debts, obligations, liabilities, penalties and forfeitures arising from any of the acts or omissions of the said Eastern Railroad Company, as agents as aforesaid or otherwise, so that the said Portland, Saco and Portsmouth Railroad Company shall not suffer any loss or injury thereby, and will obey all orders, judgments and decrees of any and all courts having jurisdiction in the premises, and save and keep the said Portland, Saco and Portsmouth Railroad Company, its property and franchise, from loss or injury thereby and protected fully therefrom."

Before bringing the action, the plaintiff requested the Eastern Railroad Company to join therein as a party plaintiff, and it refused to do so.

The judge reserved the question, for the consideration of the full court, whether the plaintiff could alone maintain the action for its share of the amount due under the contract. If the action could be maintained, it was to stand for trial, after having been sent to an auditor; otherwise, judgment for the defendant, unless the court should be of opinion that by any amendment in the form of proceedings the plaintiff might maintain the action.

*H. W. Paine & E. R. Hoar*, (*C. F. Choate* with them,) for the plaintiff.

*S. Lincoln, Jr.*, for the defendant.

GRAY, C. J. It nas 'ong been a settled rule in this Commonwealth, in accordance with the law as understood in England at the time of our Revolution, that when a person, answerable in contract to two jointly, settles with one of them, so that that

one has no longer any real interest in the matter in dispute, it is a severance of the cause of action, and the debtor is liable in an action at law to the other alone. Lord Mansfield, in *Garret* v. *Taylor* (1764), and *Kirkman* v. *Newstead* (1776), 1 Esp. Dig. 117. 1 Chit. Pl. (2d Am. ed.) 7. *Austin* v. *Walsh*, 2 Mass. 401, 405. *Baker* v. *Jewell*, 6 Mass. 460, 461. *Holland* v. *Weld*, 4 Greenl. 255. *New Braintree* v. *Southworth*, 4 Gray, 304, 306. *Sawyer* v. *Steele*, 4 Wash. C. C. 227, 228.

A rule of practice, long recognized and acted on, and so simple and convenient, enabling a court of law to do justice between the parties, without joining as a formal plaintiff one who has no real interest in the controversy, or compelling a resort to equity, should not be reversed upon technical grounds, or because the modern rule in England is different. See *Hatsall* v. *Griffith*, 4 Tyrwh. 487 ; *S. C.* 2 Cr. & M. 679.

The original agreement of this defendant was with the plaintiff and the Eastern Railroad Company jointly. But the subsequent contract of that corporation with the defendant to pay, release and discharge all its debts, and to indemnify it against all demands, while it did not amount to a formal release, did put an end to all real interest of the Eastern Railroad Company in the liability sought to be enforced in this action.

There being nothing in the report to show that the application of the Massachusetts rule will produce any inconvenience or danger of injustice, the case, according to the terms of the reservation, is                           *Referred to an auditor.*