McDONALD *v.* TISON.

A creditor cannot without the assent of his debtor, but with such assent he may, cut up into several parcels an open account resting on one and the same entire contract, so as to maintain thereon several actions in a justice's court. The debtor's assent should be presumed where the actions were simultaneously brought in the same

court and duly served, and no express objection to the severance appears to have been made by plea or otherwise until after appeal to the superior court and after judgment on appeal was rendered in one of the actions. It was then too late to raise the question by pleading this judgment as a former recovery on the contract, in abatement of one of the actions still pending on appeal, the defendant admitting on the trial of the plea that the part of the account thus resisted is just and unpaid, and it being manifest that none of the items therein were embraced in or covered by the suit in which the judgment was rendered. The facts showed that while the judgment may have been based on the same original contract involved in all the cases, it really decided nothing as to any items of the account except those embraced in the one suit, and this was virtually admitted in open court. Effect should not be given to general rules of technical law, where to do so would defeat the admitted justice of the particular case, these rules being intended to secure justice or guard doubtful cases, and not to work palpable and manifest injustice in any instance. No question of jurisdiction was raised, the jurisdiction of the justice's court being conceded by pleading the judgment of the appellate court as a binding adjudication. If the jurisdiction was sufficient as to one of the cases it was sufficient as to the others, each case not involving more than one hundred dollars principal.

June 11, 1894.    Argued at the last term.      *Judgment affirmed.*

Appeal. Before Judge Sᴡᴇᴀᴛ. Glynn superior court. December term, 1892.

Tison sold McDonald a lot of beef-cattle at $11 per head, to be taken as wanted, the price of each to be due as soon as killed, with agreement to pay at the end of each week for the number killed during that week. McDonald killed a number of the cattle and paid some money on account of them, leaving $220 due by him on this account. Tison brought three separate suits at the same time in a justice's court. One was on an account dated May 20, 1891, for eight head of beef-cattle at $11 per head, $88; another was on an account dated May 30, 1891, for nine head, $99. Judgment for plaintiff was rendered in each case on the same day; and defendant entered appeals to the superior court. On May 6, 1892, a verdict for plaintiff was rendered in the $88 case, and judgment was entered thereon. On December

7, 1892, defendant pleaded this judgment as a former recovery by plaintiff on the same cause of action, in abatement of the $99 suit still pending on appeal. Plaintiff testified that he had never obtained judgment against defendant for what he was then suing for. Defendant admitted that he owed the money, and that the debt was just. The jury found for the plaintiff, and defendant moved for a new trial on the ground that the account made the basis of the three suits was one entire contract on which there had been a recovery, and that such account could not lawfully be divided and thereby brought within the jurisdiction of a justice's court and made the basis of more than one suit in such court. The motion was overruled, and defendant excepted.

JOHNSON & JOHNSON, for plaintiff in error.