SOUTHEASTERN GREYHOUND LINES *v.* WELLS *et al.*

*Martin, Snow & Grant,* for plaintiff in error.

*E. O. Dobbs* and *Dobbs & Whitmire,* contra.

ATKINSON, Presiding Justice. While the law requires, with certain exceptions, that a plaintiff bring his action for his full claim against the defendant, nevertheless this requirement, being primarily for the benefit of the defendant, may be waived by him, and the same rule applies regardless of whether the action is ex contractu or ex delicto. *McDonald* v. *Tison,* 94 *Ga.* 549 (20 S. E. 427); *Georgia Ry. & Power Co.* v. *Endsley,* 167 *Ga.* 439 (2), 446 (145 S. E. 851); *Teat* v. *Westmoreland,* 19 *Ga. App.*

60 (90 S. E. 1025); *James* v. *Emmco Insurance Co.*, 71 *Ga. App.* 196, 200 (30 S. E. 2d, 361). See also Code, § 3-601; 1 Am. Jur. 484, § 101; 1 C. J. S. 1306, § 102 (g).

In the early case of Baker *v.* Jewell, 6 Mass. 460 (4 Am. D. 161), it was said: "Whether this action arises from a contract or from a tort, we consider the law to be well settled, that if one man is legally answerable, in a personal action, to two or more persons jointly, if he will settle and adjust the controversy with either of them, so that he has no longer an interest in the dispute, this is a severance of the cause of action, as to any or all of the parties." In Holland *v.* Weld, 4 Maine 255, it was held: "Where one, being liable [ex contractu] to two or more in a joint personal action, settles the dispute with one of them so far as that one is concerned, the cause of action is thereby changed from joint to several, and the party becomes liable to each of the others for their separate damages." In Boston and Maine Railroad *v.* Portland, Saco & Portsmouth R. Co., 119 Mass. 498 (20 Am. R. 338), it was held: "Where a person, answerable in contract to two jointly, settles with one of them so that that one has no longer any real interest in the matter in dispute, it is a severance of the cause of action, and the debtor is liable in an action at law to the other alone." It was said in the opinion: "It has long been a settled rule in this Commonwealth, in accordance with the law as understood in England at the time of our Revolution, that when a person, answerable in contract to two jointly, settles with one of them, so that that one has no longer any real interest in the matter in dispute, it is a severance of the cause of action, and the debtor is liable in an action at law to the other alone. Lord Mansfield, in Garret *v.* Taylor (1764), and Kirkman *v.* Newstead (1776), 1 Esp. Dig. 117, 1 Chit. Pl. (2d Am. ed.) 7; Austin *v.* Walsh, 2 Mass. 401, 405; Baker *v.* Jewell, 6 Mass. 460, 461; Holland *v.* Weld, 4 Greenl. 255; New Braintree *v.* Southworth, 4 Gray, 304, 306; Sawyer *v.* Steele, 4 Wash. C. C. 227, 228." See also Parker *v.* Elder (30 Tenn.), 11 Humph. 546; Woodbury *v.* Deloss (N. Y.), 65 Barb. 501; Gock *v.* Keneda (N. Y.), 29 Barb. 120.

Applying the above legal principles to the facts of the present case—the eleven children originally had a single cause of action under the Code, § 105-1302, for the negligent killing of their

father. However, when the defendant company settled the claims of six of the children, it thereby waived the rule against splitting a cause of action. Accordingly, the six children who signed a release were not necessary parties in a suit by the other five since they had no interest in the result of the suit. It follows that an action would lie in the other five children for their proportionate part of the value of their father's life, and the petition was not subject to any of the grounds of demurrer urged by the defendant.

The instant case is distinguished by its facts from *Thompson* v. *Watson*, 186 *Ga.* 396(2) (197 S. E. 774, 117 A. L. R. 484); *Bloodworth* v. *Jones*, 191 *Ga.* 193 (11 S. E. 2d, 658); *Happy Valley Farms* v. *Wilson*, 192 *Ga.* 830 (16 S. E. 2d, 720); *Pollard* v. *Reid*, 56 *Ga. App.* 594(2) (193 S. E. 370), relied upon by counsel for the defendant, in that the defendants in those cases did not, by settlement with any of the claimants, waive the rule against splitting a cause of action.

The foregoing sufficiently answers the questions propounded by the Court of Appeals.

*Questions answered. All the Justices concur.*

Nos. 16438, 16444. JANUARY 12, 1949. REHEARING DENIED FEBRUARY 17, 1949.