A11A1986, A11A1987. MAPP et al. v. WE CARE
TRANSPORTATION SERVICES, INC. et al.; and vice versa.
(724 SE2d 790)

ANDREWS, Judge.

These appeals arise from claims brought by the estate and the surviving children of Vera L. Travis, deceased, alleging that We Care Transportation Services, Inc. and its employee, Alvis A. Haadee, negligently injured Travis and caused her death. The estate and the children alleged that: (1) Travis suffered injuries on March 6, 2007, when she fell out of her wheel chair to the floor of We Care's non-emergency medical transportation van while the van was being driven by Haadee; and (2) that these injuries caused or contributed to Travis's death on August 28, 2007. Gladys E. Mapp, as the representative of Travis's estate, brought claims seeking recovery for Travis's pre-death pain and suffering and medical expenses. Travis's surviving children, Gladys E. Mapp, Helen Woods, Vera Clark, and Marie Haynes, brought a wrongful death claim seeking recovery for the full value of Travis's life.

We Care and Haadee moved for summary judgment on all the claims, and on May 5, 2010, the trial court granted summary judgment to We Care and Haadee on the children's wrongful death claim, and denied summary judgment to We Care and Haadee as to the claims brought by the estate representative. On May 6, 2010, the estate representative filed a voluntary dismissal without prejudice of the claims brought by Travis's estate against We Care and Haadee. On May 26, 2010, the four children filed a notice of appeal from the trial court's grant of summary judgment on their wrongful death claim, and on June 10, 2010, We Care and Haadee cross-appealed from the trial court's denial of their motion for summary judgment on the claims brought by the estate. Pursuant to OCGA § 5-6-48 (c), the trial court subsequently dismissed the appeal brought by the children finding that the failure to pay costs in the trial court caused an unreasonable and inexcusable delay in transmission of the appellate record to this court. In Case No. A11A1986, the children appeal from the trial court's order dismissing their appeal, and in Case No. A11A1987, We Care and Haadee cross-appeal from the trial court's denial of their motion for summary judgment on the estate's claims. For the following reasons, we affirm in part, vacate in part, and remand to the trial court in Case No. A11A1986, and dismiss as moot the appeal in Case No. A11A1987.

### Case No. A11A1986

1. Pursuant to OCGA § 5-6-38 (b), the trial court divided the costs of preparing the appellate record and on September 13, 2010,

entered an order directing that the statement for costs in the amount of $10,265 be paid within 20 days of the court's order — $5,132.50 to be paid for the appeal by the children and $5,132.50 to be paid for the cross-appeal by We Care and Haadee. Based on its order dividing the costs between the appeal and the cross-appeal, the court declined to relieve Mapp, Woods, and Haynes from paying costs based on affidavits of indigence they previously filed pursuant to OCGA § 9-15-2 which stated they were unable to pay costs in the amount of $10,265. In response to the court's order dividing costs, We Care and Haadee paid costs for the cross-appeal in the amount of $5,132.50, but none of the four children paid any of the costs for their appeal. Instead, Mapp and Woods each filed an affidavit of indigence pursuant to OCGA § 9-15-2 stating that they were unable to pay costs in the amount of $5,132.50. The trial court ruled that, because Clark and Haynes did not file affidavits of indigence and were not relieved from paying the costs, it need not inquire into the truth of the affidavits of indigence filed by Mapp and Woods. Thus, based on the failure of Clark and Haynes to pay costs as ordered, the trial court dismissed the appeal as to all four children pursuant to OCGA § 5-6-48 (c) finding that the failure to pay costs caused an unreasonable and inexcusable delay in transmission of the appellate record.

The surviving children claim that, because Mapp and Woods subscribed affidavits of indigence pursuant to OCGA § 9-15-2, the trial court erred: (1) by failing to find that they were indigent and relieved of paying costs and (2) by striking the notice of appeal and dismissing the appeal.

First, we find no error in the trial court's dismissal of the appeal pursuant to OCGA § 5-6-48 (c) as to the interests of Clark and Haynes. Under OCGA § 5-6-48 (c),

> the trial court may order the appeal dismissed where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that the delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file an affidavit of indigence.

"Whether or not to dismiss a notice of appeal for delay in paying costs rests in the sound discretion of the trial court when the grounds to dismiss have been met." *Mitchell v. Cancer Carepoint, Inc.*, 299 Ga. App. 881, 883 (683 SE2d 923) (2009) (citation and punctuation omitted). Costs were not paid; neither Clark nor Haynes filed an affidavit of indigence; and neither gives any explanation or makes any argument on appeal as to why they failed to pay. We find the trial court did not abuse its discretion to the extent it dismissed the appeal as to the interests of Clark and Haynes.

We find, however, that the trial court erred by concluding that, because Clark and Haynes failed to pay costs or demonstrate indigence, the court was required to dismiss the appeal as to the interests of Mapp and Woods and need not consider their affidavits of indigence. Under OCGA § 9-15-2 (a) (1):

> When any party, plaintiff or defendant, in any action or proceeding held in any court in this state is unable to pay any deposit, fee, or other cost which is normally required in the court, if the party shall subscribe an affidavit to the effect that because of his indigence he is unable to pay the costs, the party shall be relieved from paying the costs and his rights shall be the same as if he had paid the costs.

Similarly, OCGA § 5-6-47 (a) provides:

> In all civil cases where the party taking an appeal files an affidavit stating that because of his indigence he is unable to pay costs or to post a supersedeas bond, if any, as may be required by the trial judge as provided in Code Section 5-6-46, the notice of appeal and affidavit of indigence shall act as supersedeas.

In the case of multiple parties jointly appealing, the plain and explicit terms of OCGA §§ 9-15-2 (a) (1) and 5-6-47 provide that, if any of the appealing parties subscribes an affidavit stating that, because of indigence, the party cannot pay required costs, the party is relieved from paying the costs and "his rights shall be the same as if he had paid the costs."

In the present case, assuming that Mapp and Woods filed true affidavits of indigence (see OCGA § 9-15-2 (a) (2), (b)), they retained rights to appeal from the summary judgment order dismissing their proportionate shares of the wrongful death action. The cause of action for wrongful death was not jointly in all of the surviving children or in none of them. *Walden v. Coleman*, 217 Ga. 599, 605 (124 SE2d 265) (1962). Originally, the four surviving children each had a separate cause of action for one-fourth of the full value of Travis's life which they asserted together. *Southeastern Greyhound Lines v. Wells*, 204 Ga. 814, 816-817 (51 SE2d 569) (1949); *Lynn v. Wagstaff Motor Co.*, 126 Ga. App. 516, 518-519 (191 SE2d 324) (1972). As set forth above, Clark and Haynes lost their rights to pursue the appeal from the trial court's grant of summary judgment. Assuming the truth of their affidavits of indigence, Mapp and Woods retained their rights to appeal from the summary judgment order dismissing their proportionate shares of the wrongful death action.

See *Wells*, supra; *Lynn*, supra. Accordingly, we affirm the trial court's dismissal of the appeal as to the interests of Clark and Haynes; vacate dismissal of the appeal as to the interests of Mapp and Woods; and remand the case for the trial court to make a determination as to the truth of the affidavits of indigence.

### Case No. A11A1987

2. We Care and Haadee claim the trial court erred by denying their motion for summary judgment on claims asserted by Travis's estate. Because prior to the appeal in this case the estate representative filed a voluntary dismissal without prejudice of the claims brought by Travis's estate against We Care and Haadee, we dismiss the appeal as moot. OCGA § 9-11-41 (a).

*Judgment affirmed in part, vacated in part, and case remanded in Case No. A11A1986. Appeal dismissed as moot in Case No. A11A1987. Phipps, P. J., and McFadden, J., concur.*

DECIDED FEBRUARY 6, 2012 —
RECONSIDERATION DENIED FEBRUARY 28, 2012 — ▇▇▇▇▇▇

*Michael B. King*, for appellants.
*Michael P. Bain*, for appellees.